No. 24-6215

_____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

_____

## SHENZHEN ZEHUIJIN INVESTMENT CENTER (Limited Partnership),

Petitioner-Appellee

v.

## LIU YINGKUI, et al.

Respondent-Appellant

_____

On Appeal from the United States District Court
for the Southern District of California (San Diego)
District Court Case No. 3:24-cv-00372-MMA-DEB

Honorable Michael M. Anello, District Judge

_____

## APPELLANT LIU YINGKUI'S OPENING BRIEF

_____

Anthony J. Dain (Bar No. 98947)
E-mail: anthony.dain@procopio.com
PROCOPIO, CORY, HARGREAVES &
SAVITCH LLP
525 B Street, Suite 2200
San Diego, CA 92101
Telephone: 619.238.1900
Facsimile: 619.235.0398
Attorney for Respondent-Appellant LIU YINGKUI

January 22, 2025

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1, Appellant Liu Yingkui certifies that he has no parent corporation and there is no publicly held corporation that owns ten percent (10%) or more of stock in him.

# TABLE OF CONTENTS

Page

**CORPORATE DISCLOSURE STATEMENT**................................................... i

**TABLE OF AUTHORITIES** ...............................................................3

**INTRODUCTION**.............................................................................6

**STATEMENT OF JURISDICTION**....................................................7

**STATEMENT OF ISSUES** .................................................................7

**STATEMENT OF THE CASE**............................................................8

**STANDARD OF REVIEW** ...............................................................11

**SUMMARY OF ARGUMENT**..........................................................11

**ARGUMENT** .................................................................................12

A. Pursuant to *Burnham* v. *Superior Court of Cal.,* 495 U.S. 604 (1990), the District Court Could Not Exercise Transient *In Personam* Jurisdiction Over Appellant Liu Because He Was Not Personally Served with Process. ...............................................................................12

B. Even if *Burnham* does not Require Personal Service as a Predicate to the Exercise of Transitory *In Personam* Jurisdiction, Appellee SZIC failed to Provide Proper Service of Process by not Strictly Complying with Federal and State Substitute Service Provisions. ...........................................16

C. Even Were Substantial Compliance of State and Federal Substitute Service Statutes Sufficient To Meet Due Process, the Substituted Service Here was Insufficient in That It Did Not Provide Actual Notice To Appellant Liu Of The Action............................................................22

**CONCLUSION AND SUMMARY OF REQUESTED RELIEF**......................27

**CERTIFICATE OF COMPLIANCE** ................................................28

**STATEMENT OF RELATED CASES**..............................................29

**CERTIFICATE OF SERVICE** .........................................................30

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Burnham v. Superior Court of Cal.*
495 U.S. 604 (1990) .................................................................................passim

*Conti 11. Container Schiffarts-GmbH & Co. v. MSC Mediterranean
Shipping Co. S.A.*
91 F.4th 789 (5th Cir. 2024) ..................................................................11

*Direct Mail Specialists, Inc.* v. *Eclat Computerized Techs., Inc.*
840 F.2d 685 (9th Cir. 1988) ..............................................................22, 24

*E. Concrete Materials, Inc. v. ACE Am. Ins. Co.*
948 F.3d 289 (5th Cir. 2020) ...............................................................11

*Glencore Grain,* 284 F.3d at 1121 .........................................................10

*Jackson v. Hayakawa*
682 F.2d 1344 (9th Cir. 1982) .............................................................19

*Lake v. Lake*
817 F.2d 1416 (9th Cir. 1987) .............................................................13

*Mavrix Photo, Inc. v. Brand Techs., Inc.*
647 F.3d 1218 (9th Cir. 2011) ...........................................................11, 17

*Schwarzenegger v. Fred Martin Motor Co.*
374 F.3d 797 (9th Cir. 2004) ..............................................................13, 17

**CALIFORNIA CASES**

*Dill v. Berquist Construction Co.*
24 Cal.App.4th 1426 (1994) ................................................................23

*Katz v. Campbell Union High School Dist.*
144 Cal.App.4th 1025 (2006) ..............................................................17

*Pasadena Medi–Center Associates v. Sup.Ct. (Houts)*
9 Cal.3d 773 (1973) .............................................................................24, 25

*Summers v. McClanahan*
  140 Cal.App.4th 403 (2006) ....................................................20, 21, 23

*Warner Bros. Records, Inc. v. Golden West Music Sales*
  36 Cal.App.3d 1012 (1974) ...............................................................25

*Zirbes v. Stratton*
  *187 Cal.App.3d 1407 (1986)* ............................................................17

**FEDERAL STATUTES, REGULATIONS, AND RULES**

9 U.S.C.
  § 9..................................................................................................16
  § 203................................................................................................7

28 U.S.C.
  § 1291................................................................................................7
  § 1331................................................................................................7
  § 2107................................................................................................7

Federal Rules of Appellate Procedure
  Rule  4(a)(1).......................................................................................7
  Rule 28(a)(4)......................................................................................7

Federal Rules of Civil Procedure
  Rule 4.........................................................................................passim
  Rule 4(d)(3).......................................................................................24
  Rule 4(e)(1)..................................................................................passim
  Rule 4(e)(2)..............................................................................6, 10, 11, 20
  Rule 4(e)(2)(B)...............................................................................18, 19
  Rule 4(h)(1)(A)..................................................................................17
  Rule 5(a)...........................................................................................19
  Rule 5(b)(2)(C) .............................................................................10, 19
  Rule 54 ..............................................................................................7

**CALIFORNIA STATUTES, REGULATIONS, AND RULES**

Code of Civil Procedure
  § 410.10............................................................................................17
  § 415.20(b) ...................................................................................18, 19

**OTHER AUTHORITIES**

*Barrell v. Benjamin*
    15 Mass. 354 (1819) ............................................................................12

*Potter v. Allin*
    2 Root 63 (Conn.1793) .......................................................................12

# INTRODUCTION

Petitioner-Appellee, Shenzhen Zehuijin Investment Center, Limited Partnership ("Appellee SZIC"), filed a petition to confirm a Chinese arbitration award against Respondent-Appellant, Liu Yingkui ("Appellant Liu"), a non-resident, in the Southern District of California ("the district court"). Appellant Liu filed an opposition and a cross-motion to dismiss the petition for lack of *in personam* jurisdiction. Appellee SZIC opposed the cross-motion to dismiss. Citing *Burnham* v. *Superior Court of Cal.,* 495 U.S. 604 (1990), Appellee SZIC asserted, "a non-resident served with summons while physically in California is subject to the personal jurisdiction of California Courts." (ER- 72.)

The record before the district court establishes that Appellant Liu was not properly served with process under the principles established for transient *in personam* jurisdiction in *Burnham* v. *Superior Court, supra*. Moreover, the record establishes that Appellant Liu was not properly served under federal and state due process procedures for substitute service set forth in Federal Rules of Civil Procedure 4(e)(1) and (2). Finally, the record establishes that the service of process did not even substantially comply with the federal and state procedures for substitute service of process set forth in Fed. R. Civ. P. 4(e)(1) - (2).

Because Appellant Liu was not properly served with process, this Court must vacate the judgment entered by the district court for lack of *in personam* jurisdiction.

## STATEMENT OF JURISDICTION

Pursuant to Federal Rules of Appellate Procedure Rule 28(a)(4) and Ninth Circuit Rule 28-2.2, Appellant Liu submits the following statement of jurisdiction:

a.      The district court had subject matter jurisdiction over this action pursuant to 9 U.S.C. section 203 and 28 U.S.C. section 1331.

b.      The district court entered final judgment on all claims for relief in the underlying action on September 10, 2024.  The district court's judgment is final under Fed. R. Civ. P. 54 and the United States Court of Appeals for the Ninth Circuit has jurisdiction pursuant to 28 U.S.C. section 1291.

c.      Appellant Liu appeals from the district court's Order Granting Petition to Confirm Arbitration Award and Denying Cross-Motion to Dismiss or Stay, entered September 10, 2024 (ER-5-41.), and Judgment in a Civil Case, entered September 10, 2024 (ER-4.).  Appellant's Notice of Appeal was filed on October 9, 2024 (ER-226.) and is timely pursuant to 28 U.S.C. section 2107 and Federal Rule of Appellate Procedure 4(a)(1).

d.      This appeal is from a final order or judgment that disposes of all parties' claims.

## STATEMENT OF ISSUES

1.      Whether, pursuant to *Burnham* v. *Superior Court of Cal.,* 495 U.S. 604 (1990), a necessary jurisdictional predicate for the district court to exercise transient

*in personam* jurisdiction over Appellant Liu was that he be personally served with process.

2. Whether, if personal service of process was not required pursuant to *Burnham*, strict compliance with federal and state statutory substitute service provisions was a necessary jurisdictional predicate for the district court to exercise transient *in personam* jurisdiction over Appellant Liu.

3. Whether, if substantial compliance with statutory substitute service provisions was sufficient for the district court to exercise transient *in personam* jurisdiction over Appellant Liu, substantial compliance was met by substitute service that did not provide actual notice to Appellant Liu of the action.

## STATEMENT OF THE CASE

The procedural and substantive facts set forth are limited to those pertinent to the issue of whether the district court obtained *in personam* jurisdiction over Appellant Liu.

Appellee SZIC, a Chinese corporation, brought a petition in the district court to confirm a foreign arbitration award it had obtained in China against Appellant Liu, a Chinese resident. (ER-209-225.) Appellee SZIC attempted to serve the summons and petition on Appellant Liu while he was in California at property

owned by his wife, Respondent Zhang Xin ("Ms. Zhang").[1] (ER-47-48, 57-58, 60 and 202.)

Appellee SZIC did not personally serve the summons and petition on Appellant Liu. (ER-25). Rather, Appellee SZIC's process server served the summons and petition on a Ms. Jing Ya, an acquaintance who happened to be visiting Ms. Zhang's property (the "Property"). (ER-57-58 and 202.) The process server noted that Ms. Jing Ya "spoke very little English." (ER-202.) He did not attest to informing her of the contents of the service. (*Ibid*.) Ms. Jing Ya was not authorized to accept service on Appellant Liu's behalf. (ER-58.) Appellant Liu does not own the Property (*Ibid*.) The Property is Ms. Zhang's separate property. (ER-60.)

Appellant Liu moved to dismiss Appellee SZIC's petition to confirm the foreign arbitration award for lack of personal jurisdiction, asserting that there was no general or specific jurisdiction over him as a non-resident. (ER-99-100.) In its opposition to the cross-motion to dismiss, Appellee SZIC cited *Burnham* v. *Superior Court of Cal.,* 495 U.S. 604 (1990), for the proposition that, "a non-resident served with summons while physically in California is subject to the personal jurisdiction

---

[1] Respondent Zhang moved to dismiss the petition against her. Her motion was granted, and she was dismissed from this action. (ER-34.)

of California Courts."[2]  (ER-72.)  In reply, Appellant Liu asserted the substitute service was defective and, thus, insufficient to confer transient jurisdiction.  (ER-48-49.)

The district court addressed the issue: "to the extent Respondent Liu challenges the Court's personal jurisdiction over him based upon a lack of proper or personal service, the Court reaches this argument."[3]  (ER-24.) The district court denied Appellant Liu's cross-motion to dismiss, finding Appellant Liu "was served with the Petition by mail.  Fed. R. Civ. P. 5(b)(2)(C)."  (ER-25.)  Alternatively, the district court reasoned, "assuming Rule 4 applies," then "[SZIC] substantially complied with Rules 4(e)(1) and (2)."  (*Ibid*.)

This timely Appeal follows.

---

[2] Through its reliance on *Burnham,* Appellee SZIC appeared to concede Appellant Liu was a non-resident.  To the extent it argues otherwise here, as the district court observed: "in support of the Court's jurisdiction over Respondents, Petitioner alleges that Respondents are residents of San Diego County, California, but acknowledges that their primary residence is in Beijing.  Pet. 5." (ER-22.) For his part, Appellant Liu averred he was not a resident of California.  (ER-117.)

[3] Appellant Liu raised the issue of defective service in its reply because it was responding to Appellee SZIC who raised transitory jurisdiction via substitute service in its opposition.  In any event, as the district court recognized, "Courts reviewing petitions to confirm arbitration awards, including those falling under the New York Convention, are obligated to find personal jurisdiction before enforcing an award. *Glencore Grain,* 284 F.3d at 1121 ("We hold that neither the Convention nor its implementing legislation removed the district courts' obligation to find jurisdiction over the defendant in suits to confirm arbitration awards.").  (ER-22.)

## STANDARD OF REVIEW

""[W]hether personal jurisdiction can be exercised over a defendant is a question of law and subject to *de novo* review." *E. Concrete Materials*, *Inc*. *v*. *ACE Am. Ins*. *Co*., 948 F.3d 289, 295 (5th Cir. 2020) (quotation omitted)." *Conti 11. Container Schiffarts-GmbH & Co. v. MSC Mediterranean Shipping Co. S.A.*, 91 F.4th 789, 794 (5th Cir. 2024).

California statutes governing service of process and personal jurisdiction are, "coextensive with federal due process requirements, so the jurisdictional analyses under state law and federal due process are the same." *Mavrix Photo, Inc.* v. *Brand Techs., Inc.,* 647 F.3d 1218, 1223 (9th Cir. 2011).

## SUMMARY OF ARGUMENT

Appellant Liu was not properly served with process under the principles established for transient *in personam* jurisdiction in *Burnham*. Moreover, Appellant Liu was not properly served under federal and state due process procedures for substitute service set forth in Fed. R. Civ. P. 4(e)(1) and (2). Finally, the service of process did not even substantially comply with the federal and state procedures for substitute service of process set forth in Fed. R. Civ. P. 4(e)(1) - (2).

Because Appellant Liu was not properly served with process, this Court must vacate the judgment entered by the district court for lack of *in personam* jurisdiction.

## ARGUMENT

**APPELLANT LIU WAS NOT PROPERLY SERVED WITH PROCESS UNDER THE PRINCIPLES ESTABLISHED FOR TRANSIENT *IN PERSONAM* JURISDICTION IN *BURNHAM* V. *SUPERIOR COURT OF CALIFORNIA*. THEREFORE, THIS COURT MUST VACATE THE *JUDGMENT***

Appellee SZIC argued that it had served Appellant Liu with process while he was in California, and thus the district court obtained "transient" or "tag" jurisdiction. (ER-73.) The district court found that Appellant. Liu "was not personally served." (ER-25.)

**A.** **Pursuant to *Burnham* v. *Superior Court of Cal.,* 495 U.S. 604 (1990), the District Court Could Not Exercise Transient *In Personam* Jurisdiction Over Appellant Liu Because He Was Not Personally Served with Process.**

The Supreme Court's plurality opinion in *Burnham* v. *Superior Court of Cal.,* 495 U.S. 604 (1990), made clear that transitory, or "tag," personal jurisdiction – a state's ability to obtain personal jurisdiction over a non-resident through proper service while the non-resident is physically present within the state - is a time-honored basis for hailing a non-resident into state court. However, as Justice Scalia underscored in his lead opinion, transitory jurisdiction is conditioned on a critical prerequisite, proper service of process: "once having acquired jurisdiction over such a person by properly serving him with process, the State could retain jurisdiction to enter judgment against him, no matter how fleeting his visit. *Id., at* 610-611, citing, *Potter v. Allin,* 2 Root 63, 67 (Conn.1793); *Barrell v. Benjamin,* 15 Mass. 354

(1819).  In his concurring opinion, Justice Brennan agreed that transitory personal jurisdiction is appropriate where, "it is undisputed that petitioner was served with process while voluntarily and knowingly in the State of California." *Id., at* 640.

In addressing whether Appellant Liu was properly served, the district court rejected that personal service was a prerequisite to obtaining transitory jurisdiction over Appellant Liu. (ER-26.)  The district court conceded that in *Burnham* the defendant had been personally served.  (*Ibid*.) However, the district court dismissed the significance of that fact, stating that it could, "find no rule in *Burnham* that the exercise of personal jurisdiction based upon physical presence only comports with due process if the nonresident defendant is personally served." (*Ibid*.)[4]   In fact, *Burnham* does establish such a rule.

---

[4] The district court added that "many other courts, including the Supreme Court have not so limited the constitutional validity of jurisdiction based on physical presence." (ER-26.).  It is not clear how this advances the logic that Appellant Liu need not be personally served.  First, Appellant Liu did not contest he was physically present in California.  Second, jurisdiction over non-residents who are not physically present is governed by separate factors and provisions of the state long-arm statutes and federal civil procedure.  For instance, a non-resident, not physically present, must have purposefully directed his activities or consummated some transaction with the forum or resident thereof; or performed some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws.  The claim must also be one which arises out of or relates to the defendant's forum-related activities; and the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable. *Schwarzenegger,* 374 F.3d at 802 (quoting *Lake* v. *Lake,* 817 F.2d 1416, 1421 (9th Cir. 1987)).  Moreover, the fact that many courts have not expressly limited validity of jurisdiction based on physical presence does not mean, *ipse dixit*, that the *Burnham* Court did not require personal service of non-residents to maintain transitory jurisdiction.

Justice Scalia's lead opinion certainly appears to express a rule that personal service is a prerequisite to transitory *in personam* jurisdiction. In defending his historical analysis that there was unanimity among state courts and commentators that in-state service of a non-resident conferred jurisdiction, Justice Scalia emphasized, "personal service within the State was the exclusive basis for the judgment that jurisdiction existed, and no other factor was relied upon." *Id, at* 628. In distinguishing Justice Brennan's argument that he was relying on dicta in a particular case, Justice Scalia presented the obverse side of that rule. He argued the Court's holding that, "'a man shall only be liable to be called on to answer for civil wrongs in the forum of his home, and the tribunal of vicinage,' was addressing the situation where no personal service in the State had been obtained.'" *Ibid.*

In his concurring opinion, Justice Stevens emphatically recognized "[t]he rule" that personal service of a non-resident is a prerequisite to transitory jurisdiction: "The rule allowing jurisdiction to be obtained over a nonresident by personal service in the forum state, without more, has been and is so widely accepted throughout this country that I could not possibly strike it down, either on its face or as applied in this case, on the ground that it denies due process of law guaranteed by the Fourteenth Amendment." *Id, at* 628.

Moreover, the fact that defendant Burnham was personally served was central to the Supreme Court's decision to grant certiorari in the first place. In detailing the

- 14 -

procedural history leading to its grant of certiorari, the Court observed that the California appellate "court held it to be 'a valid jurisdictional predicate for *in personam* jurisdiction' that the 'defendant [was] present in the forum state and personally served with process.' App. to Pet. for Cert. 5." *Id., at* 608. Moreover, the very question presented by Burnham in his petition to the Supreme Court was, "whether the Due Process Clause of the Fourteenth Amendment denies California courts jurisdiction over a nonresident who was personally served with process while temporarily in that State in a suit unrelated to his activities in the State." *Id., at* 607.

In his plurality opinion, Justice Scalia noted the historical harmony among state courts that personal service of a non-resident conferred *in personam* jurisdiction: "Decisions in the courts of many States in the 19th and early 20th centuries held that personal service upon a physically present defendant sufficed to confer jurisdiction, without regard to whether the defendant was only briefly in the State or whether the cause of action was related to his activities there … Particularly striking is the fact that, as far as we have been able to determine, not one American case from the period (or, for that matter, not one American case until 1978) held, or even suggested, that in-state personal service on an individual was insufficient to confer personal jurisdiction." *Id., at* 607.

The district court itself provided corroboration that a rule exists requiring personal service for conferral of transitory personal jurisdiction. The district court

noted, but did not decide, whether the Federal Arbitration Act, itself requires personal service by a U.S. Marshall of non-residents in order for a state court to obtain general personal jurisdiction. In a footnote, the district court considered that: "FAA. Section 9 provides that '[i]f the adverse party is a resident of the district within which the award was made,' service is to be accomplished by following the law for service of a motion in that district. 9 U.S.C. § 9. Rule 5 governs service of motions in federal court. On the other hand, '[i]f the adverse party [is] a nonresident, then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court.' *Id*." (ER-25.)

Because Appellee SZIC did not personally serve Appellant Liu with the summons and petition, the district court did not obtain *in personam* jurisdiction. The judgment must be vacated.

**B.  Even if *Burnham* does not Require Personal Service as a Predicate to the Exercise of Transitory *In Personam* Jurisdiction, Appellee SZIC failed to Provide Proper Service of Process by not Strictly Complying with Federal and State Substitute Service Provisions.**

Even if *Burnham* does not require personal service to obtain transitory jurisdiction, "proper" substitute service must be made to comply with due process; and that did not occur. The district court correctly stated the law with respect to analyzing whether personal jurisdiction exists. "'Where, as here, there is no applicable federal statute governing personal jurisdiction, the district court applies

the law of the state in which the district court sits.' *Schwarzenegger* v. *Fred Martin Motor Co.,* 374 F.3d 797, 800 (9th Cir. 2004) (citing Fed. R. Civ. P. 4(h)(1)(A)). 'California's long-arm statute, Cal. Civ. Proc. Code § 410.10, is coextensive with federal due process requirements, so the jurisdictional analyses under state law and federal due process are the same.' *Mavrix Photo, Inc.* v. *Brand Techs., Inc.,* 647 F.3d 1218, 1223 (9th Cir. 2011)." (ER-22.)

"In order to obtain *in personam* jurisdiction through any form of constructive service there must be strict compliance with the requisite statutory procedures." *Zirbes v. Stratton*, 187 Cal.App.3d 1407 (1986); *See, also, Katz v. Campbell Union High School Dist*., 144 Cal.App.4th 1025, 1034 (2006) ("When jurisdiction is obtained by a prescribed form of constructive notice, the statutory conditions upon which service depends must be strictly construed; there must be strict compliance with the mode prescribed in the statute. Conformance with the statute is deemed jurisdictional and absence thereof deprives the court in the particular action of power to render a judgment." Citation omitted).

Here, Appellee SZIC's constructive service did not strictly comply with the requisite statutory procedures. Under California law, if process "cannot with reasonable diligence be personally delivered to the person to be served," it may be delivered to his "dwelling house, usual place of abode, usual place of business, or usual [physical] mailing address ... in the presence of a competent member of the

household or a person apparently in charge of [such abode, business or physical mailing address] … who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left." C.C.P. § 415.20(b). Fed. R. Civ. P. 4(e)(2)(B) allows for substitute service by, "leaving a copy of [the summons and complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there."

Appellee SZIC did not comply with either C.C.P. § 415.20(b) (via Fed. R. Civ. P. 4(e)(1)) or 4(e)(2)(B), and thus failed to comport with the due process requirements of "proper service" for this Court to acquire jurisdiction. Appellee SZIC did not serve the summons and petition on a competent member of the household or a person apparently in charge of his dwelling or place of abode; nor did its process server inform such a person of the contents of the process (C.C.P. 415.20(b)). Likewise, Appellee SZIC did not serve the summons and petition on someone of suitable age and discretion who resided at his dwelling or place of abode F.R.C.P. 4(e)(2)(B)). Rather Appellee SZIC served the summons and petition on a Ms. Jing Ya, an acquaintance who was arriving at Ms. Zhang's Property.[5] (ER-57-

---

[5]  Petitioner's proof of service misnamed the person served as Jing Ya. The proof of service also makes the conclusory allegation that Ms. Jing Ya is a "Co-Tenant," but provides no support for that conclusion. In fact, another statement in the proof of service belies that allegation. Under "Description of person Served," the process

58 and 202.) Ms. Jing Ya was not authorized to accept service on Respondent Liu's behalf. (ER-58.) While Appellee SZIC subsequently mailed a copy of the summons and petition to the property, without compliance with the requirement of personal delivery to a person authorized to receive delivery, and informing that person of the contents thereof, under C.C.P. 415.20 and/or Fed. R. Civ. P. 4(e)(2)(B), the subsequent mailing was insufficient.

Initially, the district court dismissed the requirement that substitute service must be made to a competent resident of Appellant Liu's place of abode, finding sufficient that Appellant Liu, "was served with the Petition by mail. Fed. R. Civ. P. 5(b)(2)(C)." (ER-25.) However, Rule 5 does not govern service of the summons and complaint, it governs service of papers or pleadings filed after the summons and complaint (or petition) has been served. Fed. R. Civ. P. 5(a). Service of a summons and complaint/petition must be made under Rule 4. *See, e.g., Jackson v. Hayakawa,* 682 F.2d 1344, 1347 (9th Cir. 1982). Service of a summons and petition by mail under Rule 5 is inadequate to meet minimum due process requirements for "proper service," and, thus, transient jurisdiction was not obtained.

---

server states Ms. Jing Ya: "[s]poke very little English." (ER-202.) Given that she spoke very little English, it is improbable that Ms. Jing Ya would have described herself as a co-tenant. It is much more probable that the process server simply assumed Ms. Jing Ya was a co-tenant because the person he was looking to serve was also Chinese. The fact that Ms. Jing Ya spoke very little English would also explain why the process server both misnamed Ms. Jing Ya and why he did not inform Ms. Jing Ya "of the contents thereof" as mandated by C.C.P. § 415.20(b).

Alternatively, the district court reasoned, "assuming Rule 4 applies," then "Petitioner substantially complied with Rules 4(e)(1) and (2)." (ER-25.) Substantial compliance is not sufficient to meet minimum due process requirements for proper service.

The one common factor in both subsections (e)(1) – which depends from California's jurisprudence - and (e)(2), is that the personal service must be upon someone who resides at, or at least exercises control over, the abode or dwelling at which service is made. While, as discussed in footnote 5 above, Appellee SZIC's process server made the conclusory allegation that the recipient of service was a "co-tenant," the process server acknowledged that the recipient spoke very little English. And, Appellant Liu averred that the recipient was a visitor to the dwelling who was not authorized to accept service on his behalf. Moreover – and perhaps because the recipient of service spoke very little English – the process server did not attest, as required by C.C.P. 415.20, that he, "informed [Ms. Jing Ya] of the contents thereof."

The California Court of Appeal's reasoning in *Summers v. McClanahan*, 140 Cal.App.4th 403 (2006), is instructive. In *Summers,* service was made on the individual defendant's personal manager; the manager was not authorized to accept service on defendant's behalf, but immediately forwarded the summons and complaint to defendant's attorney. Defendant's attorney was at the time representing defendant in another action involving the same plaintiff. Irrespective that the service

- 20 -

appeared to substantially comply with state and federal constructive service provisions, in that the defendant's attorney immediately received actual notice of the action and, thus, defendant vicariously received notice of the action, the California Court of Appeal found the service invalid. *Id., at* 410. The Court of Appeal reasoned that absent proof that substitute service was on a person authorized to receive service for the defendant or that the substituted service was on the ostensible agent of the defendant, the service was defective. *Id., at* 414.

The *Summers* Court pointed to the folly of allowing subsequent actual notice to trump proper service of notice:

> "Summers's rationale would appear to be if service of process, even if totally outside the statutory prescriptions, has somehow resulted in actual notice to the defendant in time to defend the action, then any defects in the manner of service should be overlooked. As we previously observed, no California appellate opinion has adopted this rationale and, we think, for good reason.
>
> Adopting Summers's rationale would constitute a judicial repeal of California's statutory law governing service of process and the adoption of only one rule: A summons may be served on anyone, anywhere, by any means which results in actual notice of the action in time to defend. Clearly this is not what the Supreme Court had in mind when it held the revised service of process law should be liberally construed."

Thus, the Court held, personal jurisdiction was not acquired via the substituted service and the judgment was vacated. *Id., at* 415.

The service in the instant case is far weaker than that in *Summers.* As in *Summers,* Ms. Jing Ya was not authorized to accept service on Appellant Liu's

behalf. But she was also a mere acquaintance, not someone close to Appellant Liu, such as a personal manager. The process server did not attest to informing Ms. Jing Ya of the contents of the service; because she spoke very little English, it is doubtful she otherwise understood what was being given to her. Moreover, there is no evidence of record that Ms. Jing Ya forwarded the summons and petition to anyone, let alone Appellant Liu or even Appellant Liu's attorney. Thus, service here was not close even to the level found inadequate by the Court of Appeal in *Summers*.

Appellee SZIC's service of process did not strictly comply with the California and federal statutory provisions for constructive service of process. Therefore, the district court did not obtain personal jurisdiction over Appellant Liu, and the judgment below must be vacated.

**C. Even Were Substantial Compliance of State and Federal Substitute Service Statutes Sufficient To Meet Due Process, the Substituted Service Here was Insufficient in That It Did Not Provide Actual Notice To Appellant Liu Of The Action.**

Even were substantial compliance sufficient to afford Appellant Liu due process, Appellee SZIC's service was not substantial compliance because it did not provide actual notice of the action. In determining that substantial compliance with Rule 4 was sufficient to confer jurisdiction, the district court relied on this Court's decision in *Direct Mail Specialists, Inc.* v. *Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988), for the proposition that, "Rule 4 is to be liberally construed

here as Respondent Liu does not dispute that he received actual notice of this action," (ER-25.) The district court's reliance was misplaced for two reasons.

First, the district court ignored a critical distinction that rendered its finding of substantial compliance with Rule 4 inapposite. The district court did not find, nor does the record otherwise support, that the substituted service provided Appellant Liu actual notice of the action. Rather, in addressing the moving and opposition papers, the court noted that Appellant Liu, "does not dispute that he received actual notice of this action." (ER-25.) As stated, this is a critical distinction. A failure to dispute actual notice is not the same as proof of actual notice. The burden is not on the defendant to disprove actual notice. The burden is on the plaintiff to prove actual notice. "When a defendant challenges the court's personal jurisdiction on the ground of improper service of process "the burden is on the plaintiff to prove the existence of jurisdiction by proving, inter alia, the facts requisite to an effective service." *Dill v. Berquist Construction Co.,* 24 Cal.App.4th 1426, 1439-1440 (1994)

It is axiomatic that a party challenging jurisdiction, at some point between the time substituted service is attempted and the time he or she moves to challenge, has received notice of the action. It would render the constitutional right to due process meaningless if a court could excuse improper service by finding that defendant does not dispute that he or she eventually received actual notice of the action. *Summers v. McClanahan*, 140 Cal.App.4th 403, 414 (2006) [ "[N]o California appellate court

- 23 -

has gone so far as to uphold a service of process solely on the ground the defendant received actual notice when there has been a complete failure to comply with the statutory requirements for service."].

Second, substantial compliance cannot be achieved unless the service is on an authorized person or ostensible agent, and in such a manner, that actual notice is delivered. In deciding that the corporate defendant in *Direct Mail Specialists* received due process under Rule 4(d)(3), this Court found that process was served on an individual whose role, "was commensurably large in the structure of the company," and that the service was acknowledged the following day by a company principal who was also an attorney. *Id., at* 689. Here, to the contrary, service was on a mere visitor to the property, who spoke very little English, who had no authority to accept service for Appellant. Liu, and who was not informed of the contents of the process. And, there was no subsequent acknowledgment of service by Appellant Liu or his attorney.

In every California case where one could argue substantial compliance of service procedures was made, the service was made on either an authorized person or an ostensible agent, and the service itself was in such a manner that it provided actual notice. For example, in *Pasadena Medi–Center Associates v. Sup.Ct. (Houts)*, 9 Cal.3d 773 (1973), a case where the defendants had misidentified their corporate secretary and treasurer in official documents, the California Supreme Court held that

service on that misidentified corporate secretary and treasurer, who then undisputably forwarded the documents to the correct secretary and treasurer was sufficient to provide actual notice. *Id., at* 776-783. The Court held that serving "a corporate agent with ostensible authority to receive process, effected valid service upon the defendants." *Id., at* 783. In *Warner Bros. Records, Inc. v. Golden West Music Sales*, 36 Cal.App.3d 1012 (1974), service was made on the individual defendants' attorney, who was also named as a defendant. The Court reasoned, "The nature of the services performed by Leeds for defendants and the necessity for his repeated communication with them in performing those services, made it 'highly probable' that defendants would receive actual notice of the service of process on Leeds upon their behalf." *Id., at* 1015. Again, there is no similarity between the facts in *Pasadena Medi–Center Associates* and *Warner Bros. Records,* on the one hand, and the case before this Court. In the former, service was made directly to a corporate agent with ostensible authority or someone imbued with ostensible authority (the defendants' attorney and co-defendant), in a way that actual notice was virtually certain. In the latter, service was made on a mere acquaintance, who spoke little English, was not informed of the contents and had no authority to accept service, and there was no proof that the service was even forwarded to someone with ostensible authority such that actual notice could obtain.

Finally, substantial compliance can only be trusted if the record is undisputed that actual notice would be delivered by the constructive service. Here, it appears the district court relied only on Appellee SZIC's evidence in finding that substantial compliance was sufficient: "Petitioner attempted personal service twice, left the Petition at the Rancho Santa Fe property with an adult who represented themselves to be a co-tenant, Doc. No. 3 at 3, and mailed the Petition to this same address thereafter." (ER-25.) But the record was not so clean. At best, the record is disputed. Given the process server's concession that Ms. Jing Ya spoke little English, that he did not attest he informed her of the contents of the process served, Appellant Liu's testimony that Ms. Jing Ya was not a co-tenant but a mere acquaintance without authority to accept service, and the lack of any indicia Ms. Jing Ya forwarded the service to anyone, this Court cannot ignore Justice Brennan's binding plurality admonition that transitory jurisdiction is appropriate where, "it is undisputed that petitioner was served with process while voluntarily and knowingly in the State of California." *Burnham, supra,* 495 U.S. *at* 640. The record below does not meet that standard.

This Court must vacate the judgment confirming the foreign arbitration award because the petitioner was not properly served and the district court never obtained personal jurisdiction over Appellant Liu. *Burnham* v. *Superior Court of Cal., supra,* 495 U.S. at 610-611, 640.

## CONCLUSION AND SUMMARY OF REQUESTED RELIEF

For the reasons stated above, Appellant Liu did not receive proper service of process and, so, the district court did not obtain personal jurisdiction over Appellant Liu.  Therefore, Appellant Liu requests that this Court vacate the judgment below.


DATED:  January 22, 2025　　　　　Respectfully submitted,

PROCOPIO, CORY, HARGREAVES & SAVITCH LLP


By:  *s/Anthony J. Dain*
　　　Anthony J. Dain
　　　Attorney for Appellant Liu Yingkui

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitations of Federal Rules of Appellate Procedure 32(a)(7)(B) because this brief contains 5,283 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in fourteen-point Times New Roman.

DATED:  January 22, 2025

Respectfully submitted,

PROCOPIO, CORY, HARGREAVES & SAVITCH LLP

By:  *s/Anthony J. Dain*

Anthony J. Dain
Attorney for Appellant Liu Yingkui

## STATEMENT OF RELATED CASES

In accordance with Ninth Circuit Local Rule 28-2.6, Appellant Liu Yingkui hereby states that he is unaware of any other cases pending before this Court that would be deemed "related" as defined under Rule 28-2.6(a)-(d).

DATED: January 22, 2025

Respectfully submitted,

PROCOPIO, CORY, HARGREAVES & SAVITCH LLP

By: *s/Anthony J. Dain*
Anthony J. Dain
Attorney for Appellant Liu Yingkui

# CERTIFICATE OF SERVICE

I am employed in the county of San Diego, State of California. I am over the age of 18 and not a party to the within action. My business address is 525 B Street, Suite 2200, San Diego, California 92101.

☒ I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on January 22, 2025.

## APPELLANT LIU YINGKUI' S OPENING BRIEF; EXCERPTS OF THE RECORD VOLUME 1 OF 1

☒ (Federal) I declare that I am a member of the Bar of this Court at whose direction the service was made.

Executed on January 22, 2025, at San Diego, California.

By: *s/Anthony J. Dain*
Name Anthony J. Dain
Email: anthony.dain@procopio.com