No. 24-6215

# United States Court of Appeals for the Ninth Circuit

SHENZHEN ZEHUIJIN INVESTMENT CENTER, Limited Partnership,

*Petitioner-Appellee,*

– v. –

LIU YINGKUI,

*Respondent-Appellant,*

– and –

ZHANG XIN,

*Respondent.*

—————————————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA
HONORABLE MICHAEL M. ANELLO, CASE NO. 3:24-CV-00372-MMA-DEB

## ANSWERING BRIEF FOR PETITIONER-APPELLEE

MEAGHAN GRAGG
YI-CHIN HO
HOLDEN FITZGERALD
HUGHES HUBBARD & REED LLP
*Attorneys for Petitioner-Appellee*
1999 Avenue of the Stars, 9th Floor
Los Angeles, California 90067
(213) 613-2800
meaghan.gragg@hugheshubbard.com
yichin.ho@hugheshubbard.com
holden.fitzgerald@hugheshubbard.com

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1, Petitioner-Appellee

Shenzhen Zehuijin Investment Center, Limited Partnership ("SZIC") states that it

has no parent corporation and no publicly held corporation owns 10% or more of

SZIC's stock.

# TABLE OF CONTENTS

**Page**

INTRODUCTION ....................................................................................1

STATEMENT OF JURISDICTION.......................................................4

STATEMENT OF THE ISSUES.............................................................4

STATUTORY AND RULE AUTHORITIES .........................................5

STATEMENT OF THE CASE.................................................................5

    A.    Background ..........................................................................5

    B.    The Arbitration Award in SZIC's Favor and Liu's
           Unsuccessful Attempts to Avoid its Enforcement in
           China and Singapore .........................................................6

    C.    SZIC's Application to the District Court for the Southern
           District of California to Confirm the Arbitration Award.....................8

STANDARD OF REVIEW .....................................................................11

SUMMARY OF ARGUMENT ...............................................................12

    I.    THE DISTRICT COURT CORRECTLY HELD THAT
         SERVICE IN PERSON IS NOT REQUIRED FOR ITS
         EXERCISE OF PERSONAL JURISDICTION OVER A
         NONRESIDENT INDIVIDUAL PHYSICALLY
         PRESENT IN THE FORUM STATE AND PROPERLY
         SERVED THERE..........................................................14

    II.    THE COURT SHOULD AFFIRM THE DISTRICT
         COURT'S EXERCISE OF PERSONAL
         JURISDICTION OVER LIU BASED ON HIS WAIVER
         OF HIS CHALLENGE TO SUFFICIENCY OF
         SERVICE ......................................................................20

    III.    IN THE ALTERNATIVE, THE COURT SHOULD
          AFFIRM THE DISTRICT COURT'S EXERCISE OF

PERSONAL JURISDICTION OVER LIU BASED ON SZIC'S
SUBSTANTIAL COMPLIANCE WITH RULE 4 OF
THE FEDERAL RULES OF CIVIL PROCEDURE..........................22

    A.    SZIC Substantially Complied with Rule 4(e)(1) of the
Federal Rules of Civil Procedure................................................23

    B.    SZIC Substantially Complied with Rule 4(e)(2)(B) of
the Federal Rules of Civil Procedure .........................................33

IV.    IN THE ALTERNATIVE, THE COURT SHOULD
AFFIRM THE DISTRICT COURT'S EXERCISE OF
PERSONAL JURISDICTION OVER LIU BASED ON
SZIC'S COMPLIANCE WITH RULE 5 OF THE
FEDERAL RULES OF CIVIL PROCEDURE ...................................35

CONCLUSION....................................................................................................40

STATEMENT OF RELATED CASES ..................................................................41

CERTIFICATE OF COMPLIANCE......................................................................42

CERTIFICATE OF SERVICE ...............................................................................43

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104
(9th Cir. 2000).................................................................................20

*Am. Express Centurion Bank v. Zara*, 131 Cal. Rptr. 3d 99 (Cal. Ct.
App. 6th Dist. 2011) .......................................................................26

*Am. Tel. & Tel. Co. v. Compagnie Bruxelles Lambert*, 94 F.3d 586
(9th Cir. 1996)................................................................................11

*Azod v. Robinson*, No. 22-cv-05214, 2022 WL 18143882 (C.D. Cal.
Nov. 9, 2022), *aff'd*, No. 22-56186, 2024 WL 163371 (9th Cir.
Jan. 16, 2024)..................................................................................38

*Bein v. Brechtel-Jochim Grp., Inc.*, 8 Cal. Rptr. 2d 351 (Cal. Ct. App.
4th Dist. 1992) .........................................................24, 27, 29, 30, 31

*Benny v. Pipes*, 799 F.2d 489 (9th Cir. 1986)...........................................33

*Boschetto v. Hansing*, 539 F.3d 1011 (9th Cir. 2008) ........................11, 12

*Boston Safe Deposit & Tr. Co. v. Morse*, 779 F. Supp. 347 (S.D.N.Y.
1991) ...............................................................................................32

*Burnham v. Superior Ct. of California, Cnty. of Marin*, 495 U.S. 604
(1990) ........................ 2, 3, 10, 12, 13, 14, 15, 16, 17, 18, 19

*Carol Gilbert, Inc. v. Haller*, 101 Cal. Rptr. 3d 843 (Cal. Ct. App. 6th
Dist. 2009).......................................................................................26

*Caruth v. Int'l Psychoanalytical Ass'n*, 59 F.3d 126 (9th Cir. 1995)......................11

*CBSJ Fin. Corp. v. Ng*, No. H028307, 2005 WL 2293272 (Cal. Ct.
App. 6th Dist. Sept. 21, 2005) .......................................................32

*Daimler AG v. Bauman*, 571 U.S. 117 (2014).........................................19

*Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685 (9th Cir. 1988) ..............................................................22, 33

*Emps. Ins. of Wausau v. Granite State Ins. Co.*, 330 F.3d 1214 (9th Cir. 2003) ...................................................................................32

*Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351 (2021) ...........................................................................................17

*FT Travel—New York, LLC v. Your Travel Ctr., Inc.*, 112 F. Supp. 3d 1063 (C.D. Cal. 2015) ....................................................................21

*Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114 (9th Cir. 2002) ................................................................18

*Imagize LLC v. Ateknea Sols. Hungary KFT*, No. 18-cv-01098, 2019 WL 3068345 (N.D. Cal. July 12, 2019) .......................................20, 21

*Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945) .............................18

*Int'l Union of Bricklayers v. Martin Jaska, Inc.*, 752 F.2d 1401 (9th Cir. 1985) ..........................................................................................36

*J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873 (2011) .....................17

*Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116 (9th Cir. 2008) ..............................................................................12, 21, 36

*Katz v. Campbell Union High Sch. Dist.*, 50 Cal. Rptr. 3d 839 (Cal. Ct. App. 6th Dist. 2006)................................................................24, 25

*Mallory v. Norfolk S. Ry. Co.*, 600 U.S............................................17, 19

*Mason v. Genisco Tech. Corp.*, 960 F.2d 849 (9th Cir. 1992) ...............11

*Milliken v. Meyer*, 311 U.S. 457 (1940) ..........................3, 13, 19, 20, 33

*Pac. Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991) (Scalia, J., concurring)...............................................................................15

*Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316 (9th Cir. 1998)...................11, 25

*Pasadena Medi-Center Assocs. v. Superior Ct. (Houts)*, 511 P.2d 1180
(Cal. 1973) ..................................................................................23, 24, 30, 31

*Pennoyer v. Neff,* 95 U.S. 714, 722, 733 (1877) .................................14, 18

*Provenz v. Miller*, 102 F.3d 1478 (9th Cir. 1996) ..............................28, 34

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797 (9th Cir.
2004) .........................................................................................12, 28, 34

*SEC v. Internet Sols. for Bus. Inc.*, 509 F.3d 1161 (9th Cir. 2007) ............11, 25, 28

*Sher v. Johnson*, 911 F.2d 1357 (9th Cir. 1990) .......................................11

*Summers v. McClanahan*, 44 Cal. Rptr. 3d 338 (Cal. Ct. App. 2d Dist.
2006) ................................................................................................24, 30

*Susott v. Susott*, Nos. C-12-581, C-12-597, 2012 WL 1213762 (N.D.
Cal. Apr. 11, 2012) .........................................................................29, 31

*Team Enters., LLC v. W. Inv. Real Est. Tr.*, No. CV-F-08-1050, 2008
WL 4367560 (E.D. Cal. Sept. 23, 2008) ........................................24, 25

*United Food & Comm. Workers Union v. Alpha Beta Co.*, 736 F.2d
1371 (9th Cir. 1984).........................................................................22, 33

*Voltage Pictures, LLC v. Gussi, S.A. de C.V.*, 92 F.4th 815 (9th Cir.
2024) ...........................................................................................36, 37, 39

*Warner Bros. Records, Inc. v. Golden West Music Sales*, 112 Cal.
Rptr. 71 (Cal. Ct. App. 2d Dist. 1974).............................................30, 31

*Water Wheel Camp Recreational Area, Inc. v. LaRance*, 642 F.3d 802
(9th Cir. 2011)........................................................................................17

*Zamani v. Carnes*, 491 F.3d 990 (9th Cir. 2007)....................................21

*Zirbes v. Stratton*, 232 Cal. Rptr. 653 (Cal. Ct. App. 2d Dist. 1986) .....................24

**Statutes and Rules**

9 U.S.C. § 6....................................................................................................37

9 U.S.C. § 201 *et seq.*......................................................................................1

9 U.S.C. § 203 ........................................................................................4

9 U.S.C. § 208 ......................................................................................37

28 U.S.C. § 1291 ...................................................................................4

28 U.S.C. § 1331 ...................................................................................4

28 U.S.C. § 2107 ...................................................................................4

Cal. Civ. Proc. § 415.20 .................................. 10, 23, 26, 27, 28, 29, 30, 31, 32, 33

Cal. Civ. Proc. § 416.10 .......................................................................31

Cal. Civ. Proc. § 416.90 .......................................................................30

Fed. R. App. P. 4 ...................................................................................4

Fed. R. Civ. P. 4 ....................................... 3, 4, 5, 10, 14, 22, 23, 33, 34, 35, 36

Fed. R. Civ. P. 5 ........................................ 4, 5, 6, 7, 8, 9, 14, 35, 36, 37, 39

Fed. R. Civ. P. 12 ...........................................................................20, 21

Fed. R. Civ. P. 81 ................................................................................37

## INTRODUCTION

On March 22, 2021, a Beijing Arbitration Commission Tribunal of three arbitrators (the "Arbitral Tribunal") issued an arbitration award (the "Arbitration Award") in favor of Petitioner-Appellee Shenzhen Zehuijin Investment Center, Limited Partnership ("SZIC"), finding Respondent-Appellant Liu Yingkui ("Liu") liable to SZIC for over 150 million Chinese Yuan[1] in damages for failure to pay amounts due and owing to SZIC under a loan agreement. To date, Liu has failed to pay all amounts due to SZIC pursuant to the Arbitration Award.

On May 8, 2021, the Beijing Second Intermediate People's Court issued an order enforcing the Arbitration Award. Liu brought numerous legal challenges against the Arbitration Award in the courts of the People's Republic of China ("China"), all of which the courts of China rejected. On November 2, 2022, the High Court of the Republic of Singapore issued an order enforcing the Arbitration Award. Liu brought several legal challenges against the Arbitration Award in the courts of Singapore, all of which the courts of Singapore rejected.

On February 26, 2024, pursuant to 9 U.S.C. § 201 *et seq.* (*i.e.* Chapter 2 of the Federal Arbitration Act (the "FAA")) and Article III of the 1958 Convention on

---

1 Approximately U.S. $23 million on March 22, 2021, the date the Arbitral Tribunal issued the Arbitration Award. *See* Mar. 22, 2021 Chinese Yuan/U.S. Dollar Historical Prices, Wall St. J., https://www.wsj.com/market-data/quotes/fx/CNYUSD/historical-prices (last visited Apr. 4, 2025).

the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention"), SZIC filed a Petition to Confirm the Arbitration Award (the "Petition") in the United States District Court for the Southern District of California, where Liu was physically present. Liu opposed confirmation of the Arbitration Award and moved to dismiss the Petition for purported lack of personal jurisdiction, *forum non conveniens* and failure to join indispensable parties.

On September 10, 2024, the District Court denied Liu's motion to dismiss, granting SZIC's Petition and confirming the Arbitration Award, correctly determining that it had personal jurisdiction over Liu because he was physically present in California and properly served there.

On appeal, Liu's sole challenge to the District Court's decision is its finding of personal jurisdiction over him. The gravamen of Liu's challenge to the District Court's exercise of personal jurisdiction over him is his belated challenge to the sufficiency of service, a defense that Liu waived by failing to raise it in his motion to dismiss, instead improperly raising it for the first time in his reply on that motion. Liu's arguments on appeal are flawed, just as they were before the District Court.

One of the most firmly established principles of personal jurisdiction is that it exists over a nonresident individual who is served with process while physically present in the forum state. *Burnham v. Superior Ct. of California, Cnty. of Marin*,

2

495 U.S. 604 (1990). The District Court correctly rejected Liu's misguided

attempt to read into *Burnham* a rule that the exercise of personal jurisdiction based

on physical presence comports with due process only if a nonresident individual is

served *in person*. To accept Liu's misguided argument would be "unfaithful to

both elementary logic and the foundations of our due process jurisprudence," *id*. at

619, which dictate that, if substitute service of process on a defendant who is

*outside* the territory comports with due process, *e.g.*, *Milliken v. Meyer*, 311 U.S.

457, 462 (1940), substitute service of process on a defendant who is *within* the

territory also must comport with due process.

Liu does not contest his physical presence in California. Therefore, in view

of the foregoing firmly established principle of personal jurisdiction based on

physical presence, the Court should affirm the District Court's exercise of personal

jurisdiction over Liu on any of the following three separate grounds:

*First*, the Court should affirm based on Liu's waiver of his challenge to

sufficiency of service.

*Second*, in the alternative, the Court should affirm based on Liu's actual

knowledge of the action and SZIC's substantial compliance with Rules 4(e)(1) and

(2) of the Federal Rules of Civil Procedure.

*Third*, in the alternative—if the Court were to find any reason not to affirm

based on either (i) Liu's waiver of his challenge to sufficiency of service or

(ii) SZIC's substantial compliance with Rule 4 of the Federal Rules of Civil Procedure—the Court should affirm based on SZIC's compliance with Rule 5 of the Federal Rules of Civil Procedure.

The Court should affirm the District Court's Order and Judgment granting the Petition and confirming the Arbitration Award.

## STATEMENT OF JURISDICTION

The District Court had subject matter jurisdiction under 9 U.S.C. § 203 and 28 U.S.C. § 1331. The District Court entered final judgment on September 10, 2024. ER-4. Liu filed a Notice of Appeal on October 9, 2024. ER-226; *see* 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A). The Court has jurisdiction under 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUES

1.     Whether the District Court correctly held that service in person is not required for its exercise of personal jurisdiction over a nonresident individual who is physically present in the forum state and properly served there.

2.     Whether the District Court correctly exercised personal jurisdiction over Liu where he (a) was physically present in California and (b) waived his challenge to the sufficiency of service of the Petition.

3.     In the alternative, whether the District Court correctly exercised personal jurisdiction over Liu where (a) he was physically present in California,

4

(b) he had actual notice of this action, and (c) SZIC substantially complied with Rules 4(e)(1) and (2) of the Federal Rules of Civil Procedure by: (i) twice attempting to serve Liu in person; (ii) leaving the summons and Petition with an adult who represented herself to be a co-tenant at the property where he was living and had continuously lived since April 2022; and (iii) mailing a copy of the summons and Petition to Liu at that property.

4.     In the alternative, whether the District Court correctly exercised personal jurisdiction over Liu where (a) he was physically present in California and (b) SZIC complied with Rule 5 of the Federal Rules of Civil Procedure by mailing a copy of the Petition to Liu at the address where he was living and had continuously lived since April 2022.

## STATUTORY AND RULE AUTHORITIES

Pertinent statutory and rule authorities are contained in the Addendum to this brief.

## STATEMENT OF THE CASE

### A.    Background

In September 2017, SZIC and Liu entered into a one-year loan agreement (the "Loan Agreement"), pursuant to which SZIC agreed to loan Liu 160 million Chinese Yuan. SER-10. The Loan Agreement provided that the laws of China would govern any dispute between the parties arising thereunder, and that any such

dispute would be subject to resolution through binding arbitration in Beijing,

China, administered by the Beijing Arbitration Commission in accordance with its

Arbitration Rules.  ER-213.

On December 22, 2017, SZIC began dispersing funds to Liu under the Loan

Agreement.  SER-12.  When the loan reached its maturity one year later, in

December 2018, Liu breached the Loan Agreement by failing to repay the amounts

he owed to SZIC thereunder.  *Id*.

### B.   The Arbitration Award in SZIC's Favor and Liu's Unsuccessful Attempts to Avoid its Enforcement in China and Singapore

On July 23, 2020, SZIC submitted to the Beijing Arbitration Commission its

claim against Liu for breach of the Loan Agreement.  *Id*.  On November 12, 2020,

the Arbitral Tribunal held an evidentiary hearing in accordance with the Beijing

Arbitration Commission's Arbitration Rules.  *Id*.  On March 22, 2021, the Arbitral

Tribunal issued the Arbitration Award in SZIC's favor and awarded SZIC over 150

million Chinese Yuan.  SER-12–13.  The Arbitral Tribunal ordered Liu to fully

perform his obligations under the Arbitration Award within 15 days of service

thereof.  SER-13.

Liu refused to comply with the Arbitration Award.  Instead, he brought

numerous legal challenges in China seeking to set it aside and secure a non-

enforcement order, all of which the courts of China rejected.

6

On May 8, 2021, SZIC obtained a Chinese court Enforcement Notice, requiring a freeze of Liu's assets worth 152,680,966.27 Yuan. *Id*. On June 2, 2021, the Beijing Fourth Intermediate People's Court rejected Liu's first application to revoke the Award. *Id*. On August 16, 2021, the Beijing Second Intermediate People's Court rejected Liu's objection to the Enforcement Notice and request to unfreeze his assets. SER-14. On September 9, 2021, the Beijing Second Intermediate People's Court rejected Liu's application for non-enforcement of the Arbitration Award. *Id*. On November 15, 2022, the Fourth Branch of the Beijing Municipal People's Procuratorate denied Liu's petition for supervision of the Beijing Fourth Intermediate People's Court decision. *Id*.

As its actions to enforce the Arbitration Award against Liu in China proceeded, SZIC also successfully sought to enforce the Arbitration Award in Singapore, which Liu similarly fought at every turn. On November 3, 2022, the Assistant Registrar for the General Division of the High Court of the Republic of Singapore granted SZIC's application to enforce the Arbitration Award in Singapore. SER-14–15. On February 20, 2023, the General Division of the High Court of the Republic of Singapore denied Liu's application to set aside its enforcement order in Singapore. SER-15. On March 3, 2023, the High Court of the Republic of Singapore issued a judgment in SZIC's favor and ordered Liu to

7

pay all sums due pursuant to the Arbitration Award.  SER-16.  On April 5, 2023, the High Court of the Republic of Singapore denied Liu's appeal.  *Id.*

To date, Liu has failed to pay SZIC all amounts due pursuant to the Arbitration Award.  SER-13.

### C. SZIC's Application to the District Court for the Southern District of California to Confirm the Arbitration Award

On February 26, 2024, pursuant to Chapter 2 of the FAA and the New York Convention, SZIC filed the Petition to confirm the Arbitration Award in the United States District Court for the Southern District of California.  ER-209.  At that time and at all relevant times, Liu was living with his wife, Zhang Xin, at 16978 Circa Del Sur, Rancho Santa Fe, California 92067 (the "Rancho Santa Fe Property"), where he had continuously lived since April 2022.  ER-24, ER-202; SER-6.

On March 8, 2024, SZIC's process server attempted to serve Liu by hand-delivery of a copy of the summons and Petition to him at the Rancho Santa Fe Property, but nobody answered the door.  ER-202.

On March 9, 2024, SZIC's process server again attempted to serve Liu by hand-delivery of a copy of the summons and Petition to him at the Rancho Santa Fe Property; again, nobody answered the door.  *Id.*

On March 11, 2024, SZIC's process server again attempted to serve Liu by hand-delivery of a copy of the summons and Petition to him at the Rancho Santa Fe

Property.  SZIC's process server did not find Liu during that attempt.  The process server instead effectuated substitute service by hand-delivery of the papers to an adult, Jing Ya, who represented herself to be a co-tenant at the Rancho Santa Fe Property.  *Id.*

On March 12, 2024, SZIC's process server mailed a copy of the summons and Petition to Liu at the Rancho Santa Fe Property by first class, postage-prepaid mail.  ER-205–06.  On March 11, 2024, SZIC sent a copy of the summons and Petition to Liu by email.  ER-208.

On April 1, 2024, Liu filed a motion for an extension of time to respond to the Petition, which the District Court granted.  ER-227.  On April 15, 2024, Liu filed another motion for an extension of time to respond to the Petition, which the District Court also granted.  *Id.*  On April 30, 2024, Liu filed another motion for an extension of time to respond to the Petition, which the District Court also granted.  ER-228.

On May 16, 2024, Liu filed an opposition and motion to dismiss the Petition for purported lack of personal jurisdiction, *forum non conveniens* and failure to join indispensable parties.  ER-228, ER-86–116.  Liu did not raise any challenge to the sufficiency of service in his motion to dismiss.  ER-86–116.  Rather, Liu asserted that the District Court should dismiss the Petition for lack of general or specific personal jurisdiction, arguing primarily that:  (1) although he was physically present in California, he had no intent to remain there indefinitely, and therefore California

9

was not his domicile, ER-99; and (2) the Arbitration Award did not arise from or relate to Liu's activities in California, ER-100.

In its response in opposition to Liu's motion to dismiss, SZIC asserted that, under *Burnham v. Superior Court of California, County of Marin*, 495 U.S. 604 (1990), Liu was subject to the District Court's personal jurisdiction because he was served with process while physically present in California. ER-72.

In his reply on his motion to dismiss, Liu primarily argued that service in person is a requirement for the exercise of personal jurisdiction based on physical presence, and that he was not served in person. ER-46–49. In the alternative, Liu also for the first time challenged the sufficiency of service, taking the position that Federal Rule of Civil Procedure 4 governs service of the Petition and arguing that service did not comply with Rule 4(e)(1), which authorizes service pursuant to California Code of Civil Procedure Section 415.20(b), or Rule 4(e)(2)(B). ER-48–49. Liu submitted a supplemental declaration along with his reply containing almost entirely new evidence on his newly raised insufficiency-of-service argument. ER-57–61.

On September 10, 2024, the District Court issued an order denying Liu's motion to dismiss, granting SZIC's Petition and confirming the Arbitration Award, correctly determining that it had personal jurisdiction over Liu because he was physically present in California and properly served there. ER-27.

10

On appeal, Liu's sole challenge to the District Court's Order is its finding of personal jurisdiction over him. The gravamen of Liu's challenge to the District Court's exercise of personal jurisdiction over him is his challenge to the sufficiency of service.

## STANDARD OF REVIEW

The Court reviews the District Court's exercise of personal jurisdiction *de novo*. *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008); *SEC v. Internet Sols. for Bus. Inc.*, 509 F.3d 1161, 1165 (9th Cir. 2007) (citing *Mason v. Genisco Tech. Corp.*, 960 F.2d 849, 851 (9th Cir. 1992)). However, the Court reviews the District Court's factual findings regarding jurisdiction for clear error. *Internet Sols. for Bus. Inc.*, 509 F.3d at 1165 (citing *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998)). Where, as here, the District Court decides a motion to dismiss for lack of personal jurisdiction without an evidentiary hearing, SZIC "need only make a prima facie showing of the jurisdictional facts." *Boschetto*, 539 F.3d at 1015 (first citing *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990); and then citing *Caruth v. Int'l Psychoanalytical Ass'n*, 59 F.3d 126, 127-28 (9th Cir. 1995)). The Court must take as true uncontroverted allegations in the Petition. *Id.* (citing *Am. Tel. & Tel. Co. v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996)). "Conflicts between the parties over statements

11

contained in affidavits must be resolved in [SZIC's] favor." *Id*. (citing *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004)).

The Court "may affirm [the District Court] based on any ground supported by the record." *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008).

## SUMMARY OF ARGUMENT

The District Court correctly exercised personal jurisdiction over Liu because he was physically present in California and properly served there.

As a threshold matter, as the United States Supreme Court reaffirmed in *Burnham v. Superior Court of California, County of Marin*, 495 U.S. 604 (1990), one of the most firmly established principles of personal jurisdiction is that it exists over a nonresident individual who is served with process while physically present in the forum state. The District Court correctly rejected Liu's misguided attempt to read into *Burnham* a rule that the exercise of personal jurisdiction based on physical presence comports with due process only if a nonresident individual is served *in person*. The *Burnham* Court framed the issue before it as whether due process requires a "connection between the litigation and the defendant's contacts with the State in cases where the defendant is physically present in the State at the time process is served upon him," *id*. at 610, and held that due process imposes no such requirement, *id*. at 628. The form of service of process had no dispositive

12

bearing on that holding. To accept Liu's misguided argument that service in person is required for the exercise of personal jurisdiction based on physical presence would be "unfaithful to both elementary logic and the foundations of our due process jurisprudence," *id.* at 619, which dictate that, if substitute service of process on a defendant who is *outside* the territory comports with due process, *e.g.*, *Milliken*, 311 U.S. at 462, substitute service of process on a defendant who is *within* the territory also must comport with due process.

Liu does not contest his physical presence in California, a fact he admitted in his Declaration executed in San Diego, California submitted to the District Court, ER-117, and admits again in his Opening Brief on appeal: "Appellant Liu did not contest he was physically present in California." Opening Br. at 13 n.4; *see also id.* at 8-9. Therefore, in view of the foregoing firmly established principle of personal jurisdiction based on physical presence, the Court should affirm the District Court's exercise of personal jurisdiction over Liu in this action on any one of the following three alternative grounds:

*First*, the Court should affirm the District Court's exercise of personal jurisdiction over Liu based on his undisputed physical presence in California and his waiver of his challenge to sufficiency of service.

*Second*, in the alternative, the Court should affirm the District Court's exercise of personal jurisdiction over Liu based on his undisputed physical

presence in California, his actual knowledge of this action, and SZIC's substantial compliance with Rules 4(e)(1) and (2) of the Federal Rules of Civil Procedure by: (i) twice attempting to serve Liu in person; (ii) leaving the summons and Petition with an adult who represented herself to be a co-tenant at the property where he was living and had continuously lived since April 2022; and (iii) mailing a copy of the summons and Petition to Liu at that property.

*Third*, in the alternative—if the Court were to find any reason not to affirm the District Court's exercise of personal jurisdiction over Liu based on either (1) Liu's waiver of his challenge to sufficiency of service or (2) SZIC's substantial compliance with Rule 4 of the Federal Rules of Civil Procedure—the Court should affirm based on Liu's undisputed physical presence in California and SZIC's compliance with Rule 5 of the Federal Rules of Civil Procedure.

## ARGUMENT

I. **THE DISTRICT COURT CORRECTLY HELD THAT SERVICE IN PERSON IS NOT REQUIRED FOR ITS EXERCISE OF PERSONAL JURISDICTION OVER A NONRESIDENT INDIVIDUAL PHYSICALLY PRESENT IN THE FORUM STATE AND PROPERLY SERVED THERE**

In *Burnham v. Superior Court of California, County of Marin*, the United States Supreme Court reaffirmed the longstanding principle that personal jurisdiction "based on physical presence alone constitutes due process." 495 U.S. at 619. The Supreme Court famously announced the foregoing territorial rule of personal jurisdiction in *Pennoyer v. Neff*, where the Court proclaimed that "every

14

State possesses exclusive jurisdiction and sovereignty over persons and property within its territory" and that a State's courts may acquire that "jurisdiction by service of process within the State."  95 U.S. 714, 722, 733 (1877).

Justice Scalia's plurality opinion and Justice Brennan's concurring opinion in *Burnham* both stand firmly for the proposition that a court may exercise personal jurisdiction over a nonresident individual who is physically present in the forum state and is properly served with process there.  *See* 495 U.S. at 610-11 (Scalia, J.) ("The view developed early that each State had the power to hale before its courts any individual who could be found within its borders, and that once having acquired jurisdiction over such a person by properly serving him with process, the State could retain jurisdiction to enter judgment against him."); *see also id.* at 628-29 (Brennan, J., concurring) ("[T]he Due Process Clause of the Fourteenth Amendment generally permits a state court to exercise jurisdiction over a defendant if he is served with process while voluntarily present in the forum State.").

Although *Burnham* involved a nonresident individual served in person while present in the forum state, the Supreme Court in *Burnham* did not limit the constitutional validity of jurisdiction based on physical presence to service in person, to the exclusion of substituted service of process.  *Cf. Pac. Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1, 37 (1991) (Scalia, J., concurring) ("As I wrote last Term

15

in *Burnham* . . . nothing but the conclusiveness of history can explain why jurisdiction based upon *mere service of process within a State—either generally or on the precise facts of that case—*is 'fundamentally fair.'") (emphasis added).

Liu's attempt to read into *Burnham* a rule that the exercise of personal jurisdiction based on physical presence comports with due process only if a nonresident individual is served *in person* is misguided. The Supreme Court in *Burnham* framed the issue before it as whether due process requires a "connection between the litigation and the defendant's contacts with the State in cases where the defendant is physically present in the State at the time process is served upon him." 495 U.S. at 610. The *Burnham* Court held that due process imposes no such requirement, and—notwithstanding Liu's arguments to the contrary—the form of service of process had no dispositive bearing on that holding. *See id*. at 628 (Scalia, J.) ("Because the Due Process Clause does not prohibit the California courts from exercising jurisdiction over petitioner based on the fact of in-state service of process, the judgment is affirmed."); *Id*. at 640 (Brennan, J., concurring) ("In this case, it is undisputed that petitioner was served with process while voluntarily and knowingly in the State of California. I therefore concur in the judgment.").

Since *Burnham*, the Supreme Court has not suggested a limitation of the territorial rule of personal jurisdiction to require service in person for jurisdiction

to vest over a nonresident individual. For example, in *Mallory v. Norfolk Southern Railway Co.*, Justice Gorsuch explained that American courts have routinely held that lawsuits could "be maintained by anyone on any claim in any place the defendant could be found." 600 U.S. 122, 128 (2023) (holding constitutional a Pennsylvania statute requiring out-of-state corporations to consent to the State's general jurisdiction to do business there); *see also Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 384 n.5 (2021) (Gorsuch, J., concurring) ("The Constitution has always allowed suits against individuals on any issue in any State where they set foot.") (emphasis omitted); *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 880 (2011) (observing that "[p]resence within a State at the time suit commences through service of process is another example" of a number of ways in which a person may submit to a State's authority); *see also Water Wheel Camp Recreational Area, Inc. v. LaRance*, 642 F.3d 802, 819 (9th Cir. 2011) ("One of the most 'firmly established principles of personal jurisdiction' is that personal jurisdiction exists over defendants physically present in the forum state.") (quoting *Burnham*, 495 U.S. at 610) (finding that the defendant "lived on tribal land, which on its own serves as a basis for personal jurisdiction," and that, "[a]dditionally, he was served with tribal process . . . on tribal land, and that service within the tribal court's territorial jurisdiction is also sufficient to confer personal jurisdiction").

17

Acceptance of Liu's argument—that *Burnham* requires service in person (to the exclusion of substituted service) for personal jurisdiction based on physical presence to comport with due process—would drastically diminish the *Pennoyer* territorial rule of personal jurisdiction. Under Liu's theory, a nonresident individual physically present within the forum state's borders could immunize herself from suit in the state by successfully evading a process server's attempts at handing her the summons and complaint. *See, e.g.*, *Burnham*, 495 U.S. at 638 (Brennan, J., concurring). That scenario is at odds with the Supreme Court's emphasis in *Burnham*, when it reaffirmed the *Pennoyer* territorial rule of personal jurisdiction, that the *International Shoe* due process standard of "traditional notions of fair play and substantial justice" was "developed by *analogy* to . . . 'physical presence.'" *Burnham*, 495 U.S. at 604-5 (emphasis in original) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945)).

A court's exercise of general or specific personal jurisdiction over defendants absent from the forum state marks the "inevitable relaxation of the strict limits on State jurisdiction over nonresident individuals and corporations." *Burnham*, 495 U.S. at 617 (cleaned up). Those bases for a court's exercise of personal jurisdiction rely on the "absent defendant's contacts with the State," *Burnham*, 495 U.S. at 610, which "approximate physical presence." *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1124 (9th

18

Cir. 2002).  While the concept of general personal jurisdiction allows a court to

hear any claim against an absent defendant domiciled in the forum state, *see*

*Daimler AG v. Bauman*, 571 U.S. 117 (2014), transitory personal jurisdiction

allows a court to hear any claim against a nonresident individual physically present

in the forum state, *see Mallory v. Norfolk S. Ry. Co.*, 600 U.S. at 171.  In the case

of an absent defendant, so long as sufficient contacts approximating the

defendant's physical presence in the forum exist, service in any permissible

manner establishes the court's jurisdiction.  *E.g.*, *Milliken*, 311 U.S. at 462

("Domicile in the state is alone sufficient to bring an absent defendant within the

reach of the state's jurisdiction for purposes of a personal judgment by means of

appropriate substituted service.  Substituted service in such cases has been quite

uniformly upheld where the absent defendant was served at his usual place of

abode in the state.") (internal citations omitted).

To accept Liu's misguided argument that service in person is required for

personal jurisdiction to vest where a nonresident individual is physically present in

the forum state would be "unfaithful to both elementary logic and the foundations

of our due process jurisprudence."  *See Burnham*, 495 U.S. at 619.   Elementary

logic and the foundations of our due process jurisprudence dictate that, if substitute

service of process on a defendant who is *outside* the territory comports with due

process, *e.g.*, *Milliken*, 311 U.S. at 462, substitute service of process on a defendant who is *within* the territory also must comport with due process.[2]

For the foregoing reasons, the Court should affirm the District Court's holding that service in person is not required for its exercise of personal jurisdiction over a nonresident individual physically present in the forum state and properly served there.

## II. THE COURT SHOULD AFFIRM THE DISTRICT COURT'S EXERCISE OF PERSONAL JURISDICTION OVER LIU BASED ON HIS WAIVER OF HIS CHALLENGE TO SUFFICIENCY OF SERVICE

"A fundamental tenet of the Federal Rules of Civil Procedure is that certain defenses under Fed. R. Civ. P. 12 must be raised at the first available opportunity or, if they are not, they are forever waived." *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1106 (9th Cir. 2000). That well-established rule applies to the defense of insufficient service of process. Fed. R. Civ. P. 12(h); *see Imagize LLC v. Ateknea Sols. Hungary KFT*, No. 18-cv-01098, 2019 WL 3068345, at *2 (N.D. Cal. July 12, 2019) ("[Defendant] had the opportunity to raise insufficiency of service of process as a potential defense alongside his personal

---

2   There is no merit to Liu's puzzling assertion that, through its discussion of Section 9 of Chapter 1 of the FAA in a footnote to its Order, the District Court somehow purportedly "provided corroboration" that a rule exists requiring service in person for the exercise of personal jurisdiction based on physical presence in the forum state. Opening Br. at 15.

jurisdiction defense in his motion . . . [h]is failure to do so constitutes waiver of the defense.").

It is undisputed that Liu failed to challenge the sufficiency of service in his motion to dismiss. ER-86–116. Rather, Liu raised that challenge for the first time in his reply on that motion. ER-48–49. Challenges to sufficiency of service "must be raised in the first pleading or motion, not a reply." *Imagize LLC*, 2019 WL 3068345, at *2 (citing Fed. R. Civ. P. 12(h)). Accordingly, the District Court correctly found that it could have disregarded Liu's untimely argument that he was not sufficiently served. ER-24 (first citing *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."); then citing *FT Travel—New York, LLC v. Your Travel Ctr., Inc.*, 112 F. Supp. 3d 1063, 1079 (C.D. Cal. 2015) ("Courts decline to consider arguments that are raised for the first time in reply."); and then citing Fed. R. Civ. P. 12(h)(1) (providing that challenges to service are waived if not properly raised)).

The District Court nevertheless reached and rejected Liu's argument challenging sufficiency of service of the Petition. ER-24–25. But as noted above, the Court "may affirm [the District Court] based on any ground supported by the record." *Johnson*, 534 F.3d at 1121. Accordingly, the Court need not reach Liu's argument challenging sufficiency of service of the Petition, and instead should affirm the District Court's exercise of personal jurisdiction over Liu based on his

21

undisputed physical presence in California and waiver of his challenge to sufficiency of service.

### III. IN THE ALTERNATIVE, THE COURT SHOULD AFFIRM THE DISTRICT COURT'S EXERCISE OF PERSONAL JURISDICTION OVER LIU BASED ON SZIC'S SUBSTANTIAL COMPLIANCE WITH RULE 4 OF THE FEDERAL RULES OF CIVIL PROCEDURE

As he did before the District Court, Liu takes the position on appeal that Federal Rule of Civil Procedure 4 governs service of the Petition in this action. Opening Br. at 6, 11, 16-26. Substantial compliance is the well-settled standard for service of process pursuant to Rule 4 of the Federal Rules of Civil Procedure so long as the party served received sufficient notice of the action. *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) ("Rule 4 [of the Federal Rules of Civil Procedure] is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint.") (quoting *United Food & Comm. Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984)).

The District Court correctly applied that well-established standard and found that SZIC substantially complied with Rules 4(e)(1) and (2) of the Federal Rules of Civil Procedure. ER-25.

### A. SZIC Substantially Complied with Rule 4(e)(1) of the Federal Rules of Civil Procedure

Rule 4(e)(1) of the Federal Rules of Civil Procedure authorizes service pursuant to the law of the State in which the District Court sits—here, California. Fed. R. Civ. P. 4(e)(1).

Under the California Code of Civil Procedure, if an individual cannot with reasonable diligence be served in person, Section 415.20(b) permits service by (1) leaving a copy of a summons and complaint at a person's usual place of abode with a competent adult member of the household who is informed of the contents thereof, and (2) thereafter mailing a copy of the summons and complaint by first-class mail to the person to be served. Cal. Civ. Proc. Code § 415.20(b).

Substantial compliance is the well-settled standard for service of process pursuant to California Code of Civil Procedure Section 415.20(b) where the party served has actual notice of the action. *Pasadena Medi-Center Assocs. v. Superior Ct. (Houts)*, 511 P.2d 1180, 1184 (Cal. 1973) (holding that the statutory provisions for service are to be "liberally construed to effectuate service and uphold the jurisdiction of the court if actual notice has been received by the defendant").

The cases on which Liu relies for his misplaced effort to require strict compliance are inapplicable to the statute and facts before the Court.

23

In *Zirbes v. Stratton*, 232 Cal. Rptr. 653 (Cal. Ct. App. 2d Dist. 1986), on which Liu relies, the California Court of Appeal, Second District incorrectly ignored the California Supreme Court's opinion in *Pasadena Medi-Center* adopting the liberal rule of construction and rejecting the old rule of strict construction. *See, e.g.*, *Summers v. McClanahan*, 44 Cal. Rptr. 3d 338, 344 (Cal. Ct. App. 2d Dist. 2006) ("It is clear from our Supreme Court's opinion in *Pasadena Medi-Center* the old rule of strict construction has been rejected and a new rule of liberal construction has been adopted."); *Bein v. Brechtel-Jochim Grp., Inc.*, 8 Cal. Rptr. 2d 351, 353 (Cal. Ct. App. 4th Dist. 1992) ("The [California] Supreme Court's admonition to construe the process statutes liberally extends to substituted service as well as to personal service."); *Team Enters., LLC v. W. Inv. Real Est. Tr.*, No. CV-F-08-1050, 2008 WL 4367560, at *4 (E.D. Cal. Sept. 23, 2008) ("Since *Zirbes*, however, the service of process statutes requiring strict and exact compliance have been more liberally construed to effectuate service if actual notice has been received by the defendant.") (first citing *Stafford v. Mach*, 75 Cal. Rptr. 2d 809, 814 (Cal. Ct. App. 1st Dist. 1998); then citing *Pasadena Medi-Center*, 511 P.2d at 1183-84; and then citing *Katz v. Campbell Union High Sch. Dist.*, 50 Cal. Rptr. 3d 839, 846 (Cal. Ct. App. 6th Dist. 2006)).

Liu also cites *Katz v. Campbell Union High School District*, in which the plaintiff failed to publish a summons that met the prescriptions of California's

24

public agency action validation statute. 50 Cal. Rptr. 3d at 841. But *Katz* is

inapplicable because it concerned specific statutory requirements for service *by*

*publication*, which California courts have consistently strictly construed. *See, e.g.*,

*Team Enters.*, 2008 WL 4367560, at *4 ("The publication statute . . . is different

than that statute before the Court, as the California courts have consistently strictly

construed the requirements *for publication*.") (emphasis added) (citing *Katz*, 50

Cal. Rptr. 3d at 846).

The District Court did not err in finding, based on the record before it, that

Liu had actual notice of this action.[3] ER-25. Liu indisputably went into the

District Court to defend this action by filing an opposition and motion to dismiss

the Petition, thereby acknowledging that he had actual notice of it.[4] ER-86–116.

And, as the District Court correctly observed, Liu did not dispute that he had actual

knowledge of this action, ER-25, a fact that Liu tacitly acknowledges on appeal.

Opening Br. at 22-23.

Thus, as Liu indisputably had actual knowledge of this action—having gone

into the District Court to defend it and having filed a motion to dismiss it—the

---

3   As noted above, the Court reviews the District Court's factual findings
    regarding jurisdiction for clear error. *Internet Sols. for Bus. Inc.*, 509 F.3d at
    1165 (citing *Panavision Int'l*, 141 F.3d at 1320).

4   Liu also filed several motions to extend his time to respond to the Petition, all
    of which the District Court granted. ER-227–28.

substantial compliance standard applies here.  *See Carol Gilbert, Inc. v. Haller*,
101 Cal. Rptr. 3d 843, 853 (Cal. Ct. App. 6th Dist. 2009) (observing that, "when
the defendant comes into court acknowledging that he has been sued, but seeking
to dismiss the action on the ground that the service, though practically effective,
was technically defective . . . it is the plaintiff who is exposed to the forfeiture of
his case, and the defendant who seeks to prevent an adjudication on the merits,"
and thus the defendant "*who should bear the burden* of the difficulty thus created
[by the plaintiff's substantial compliance with the governing statutes]") (emphasis
in original); *Am. Express Centurion Bank v. Zara*, 131 Cal. Rptr. 3d 99, 104 (Cal.
Ct. App. 6th Dist. 2011) (noting that where service is "practically effective" though
"technically defective," the burden shifts to the defendant because "it is the
plaintiff who is exposed to the forfeiture of his case, and the defendant who seeks
to prevent an adjudication on the merits").

For the reasons discussed below, the District Court correctly concluded that
SZIC substantially complied with California Code of Civil Procedure
Section 415.20(b).

*First*, the District Court did not err in finding, based on the record before it,
that SZIC's process server twice attempted to serve Liu in person.  ER-25, ER-202.
Liu does not dispute that factual finding on appeal.  "Ordinarily, . . . two or three
attempts at personal service at a proper place should fully satisfy the requirement

26

of reasonable diligence and allow substituted service to be made." *Bein*, 8 Cal. Rptr. 2d at 353 (internal quotations omitted). Accordingly, substitute service pursuant to Section 415.20(b) was appropriate, a conclusion that Liu does not dispute on appeal.

*Second*, the District Court did not err in finding, based on the record before it, that Liu was living at the Rancho Santa Fe Property, where the Petition was served, and that he had continuously lived there since April 2022. ER-24, ER-202; SER-6. Liu does not dispute those factual findings on appeal.

*Third*, the District Court did not err in finding, based on the record before it, that SZIC left the Petition with an adult who represented herself to be a co-tenant at the Rancho Santa Fe Property. ER-25, ER-202.

Liu maintains on appeal that service on Jing Ya at the Rancho Santa Fe Property fails to satisfy the requirements of Section 415.20(b), based on Liu's assertions that: (i) Ms. Ya was an acquaintance visiting the Rancho Santa Fe Property; (ii) she was not authorized to accept service on Liu's behalf; (iii) she did not forward the Petition to Liu; (iv) she was not informed of the contents of the papers served; and (v) she spoke very little English. Opening Br. at 18-22.

As to his assertions (i) – (iii) above, Liu relies entirely on his supplemental declaration submitted to the District Court with his reply on his motion to dismiss, to which SZIC had no opportunity to respond. The Court should disregard that

27

evidence.  *See, e.g.*, *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) ("[W]here new evidence is presented in a reply to a motion for summary judgment, the district court should not consider the new evidence without giving the [non-]movant an opportunity to respond.") (internal citations omitted).

To the extent the Court were nevertheless to consider Liu's untimely and self-serving supplemental declaration, the Court must resolve in SZIC's favor conflicts between the parties' statements contained in affidavits and declarations in the record.  *Schwarzenegger*, 374 F.3d at 800 ("Conflicts between the parties over statements contained in affidavits must be resolved in the plaintiff's favor [where a motion to dismiss for lack of personal jurisdiction is based on written materials rather than an evidentiary hearing].").

Moreover, "a signed return of service constitutes prima facie evidence of valid service which can be overcome only by strong and convincing evidence." *Internet Sols. for Bus. Inc.*, 509 F.3d at 1163.

Even if the Court were to take Liu's assertions regarding Ms. Ya to be true, the Court should reject Liu's argument that hand-delivery of the Petition to her at the Rancho Santa Fe Property was inadequate to effect substitute service under California Code of Civil Procedure Section 415.20(b).  To the contrary, service on an adult visitor at the Rancho Santa Fe Property where Liu was living and had continuously lived since April 2022 was more likely than not to result in delivery

28

of the Petition to Liu, and therefore substantially complies with California Code of Civil Procedure Section 415.20(b).

The District Court for the Northern District of California's decision in *Susott v. Susott* is instructive. Nos. C-12-581, C-12-597, 2012 WL 1213762, at *3 (N.D. Cal. Apr. 11, 2012). There, the court concluded that a mere visitor to the defendant's house for a few days was an appropriate person on whom to effect substitute service under California Code of Civil Procedure Section 415.20, even though the visitor declared that "he did not see [the defendant] prior to departing the house and did not give him any papers or 'even advise anyone that there were papers.'" *Id.* As the *Susott* court rightly found, because the visitor was "allowed to stay at [the defendant's] home," and was "given the apparent authority to answer the door when the process server knocked," he was "a competent person who could be considered either a 'member of the household or a person apparently in charge' of access to the house sufficient to accept service under [California Code of Civil Procedure] [S]ection 415.20." *Id.*

The *Susott* court relied on the California Court of Appeal, Fourth District's decision in *Bein v. Brechtel-Jochim Grp., Inc.*, recognizing that "the purpose of [California Code of Civil Procedure] [S]ection 415.20 is to permit service on a person whose 'relationship with the person to be served makes it more likely than not that they will deliver process to the named party.'" *Susott*, 2012 WL 1213762,

29

at \*3 (quoting *Bein*, 8 Cal. Rptr. 2d at 354, in which the court found service upon a gate guard adequate to effectuate substitute service, based on the nature of the relationship between the gate guard and the person to be served).

Liu does not cite any case applying California Code of Civil Procedure Section 415.20 to support his meritless stance that—because he contends she was not authorized to accept service on his behalf—service on Ms. Ya at the Rancho Santa Fe Property was insufficient to substantially comply with that statutory service provision. Instead, Liu cites inapposite cases applying other statutory service provisions. Opening Br. at 21, 24-25.

In *Summers*, on which Liu relies, the California Court of Appeal, Second District, found service inadequate where the plaintiff failed to demonstrate substantial compliance with California Code of Civil Procedure Section 416.90, which expressly requires delivery to an agent authorized to receive service of process. 44 Cal. Rptr. 3d at 344. Likewise, *Warner Bros. Records, Inc. v. Golden West Music Sales*, 112 Cal. Rptr. 71 (Cal. Ct. App. 2d Dist. 1974), on which Liu also relies, concerns compliance with Section 416.90. Similarly, the other case that Liu cites, *Pasadena Medi-Center*, concerns Section 416.10, which governs service on a corporation and expressly requires service on a designated agent, specified corporate officer or person authorized to receive service of process. 511 P.2d at 1183-84. In contrast to Section 416.90 (at issue in *Summers* and *Warner*

30

*Bros.*) and Section 416.10 (at issue in *Pasadena Medi-Center*), Section 415.20 (at issue in this action) does *not* require delivery to a designated or authorized agent or specified corporate officer. *Compare* Cal. Civ. Proc. Code §§ 416.90, *and* 416.10, *with* Cal. Civ. Proc. Code § 415.20(b).

Here, if the Court were to take Liu's assertions regarding Ms. Ya to be true (which, for the reasons explained above it should not), service on Ms. Ya, an adult visitor at the Rancho Santa Fe Property with the apparent authority to answer the door when the process server knocked, substantially complied with California Code of Civil Procedure Section 415.20, whether or not the process server informed Ms. Ya of the contents of the papers served.[5] *See Bein*, 8 Cal. Rptr. 2d at 354 n.4 ("The Legislature's choice of the term household over family indicates that household is to be liberally construed."); *id.* at 355 (refusing to deem invalid a declaration of attempted service that failed to identify the person to be served, because "minor, harmless deficiencies will not be allowed to defeat service"); *Susott*, 2012 WL 1213762, at *3 (finding that a mere visitor to the defendant's house for a few days was an appropriate person on whom to effect substitute

---

5  Although SZIC's process server's affidavit does not state that he informed Ms. Ya of the contents of the papers served, ER-202, it states that Ms. Ya spoke "little English," which suggests that the process server spoke with her concerning the contents thereof.

31

service under California Code of Civil Procedure Section 415.20, even though the visitor declared that "he did not see [the defendant] prior to departing the house and did not give him any papers or 'even advise anyone that there were papers.'"); *see also CBSJ Fin. Corp. v. Ng*, No. H028307, 2005 WL 2293272, at *3 (Cal. Ct. App. 6th Dist. Sept. 21, 2005) (concluding that service left at the defendant's home with a visiting friend of the defendant's roommate substantially complied with California Code of Civil Procedure Section 415.20);[6] *Boston Safe Deposit & Tr. Co. v. Morse*, 779 F. Supp. 347, 350 (S.D.N.Y. 1991) ("Even minimal understanding of the English language should be sufficient for a showing of suitable discretion, if the individual can comprehend the circumstances of service.").

_Fourth_, the District Court did not err in finding, based on the record before it, that SZIC's process server mailed a copy of the Petition to Liu at the Rancho Santa Fe Property after serving Ms. Ya there. ER-205–06. Liu admits that factual finding on appeal. Opening Br. at 19.

For the foregoing reasons, where, as here, it is undisputed that Liu was physically present in California, the Court should affirm the District Court's

---

6   The Court "may consider unpublished state decisions, even though such opinions have no precedential value." *Emps. Ins. of Wausau v. Granite State Ins. Co*., 330 F.3d 1214, 1220 n.8 (9th Cir. 2003).

exercise of personal jurisdiction over Liu based on SZIC's substantial compliance with Rule 4(e)(1) of the Federal Rules of Civil Procedure, which authorizes service pursuant to California Code of Civil Procedure Section 415.20(b).

**B. SZIC Substantially Complied with Rule 4(e)(2)(B) of the Federal Rules of Civil Procedure**

As noted above, substantial compliance is the well-settled standard for service of process pursuant to Rule 4 of the Federal Rules of Civil Procedure. *Direct Mail Specialists, Inc.*, 840 F.2d at 688 ("Rule 4 [of the Federal Rules of Civil Procedure] is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint.") (quoting *United Food & Com. Workers Union*, 736 F.2d at 1382). Substitute service of process need only be "reasonably calculated" to give a defendant actual notice of the proceedings and an opportunity to be heard to satisfy due process. *Milliken*, 311 U.S. at 463; *see also Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986). "[A]ctual receipt of process by the correct person may be a factor in finding process valid when there are other factors that make process fair." *Direct Mail Specialists, Inc.*, 840 F.2d at 688.

Federal Rule of Civil Procedure 4(e)(2)(B) permits a party to serve an individual within a judicial district of the United States by "leaving a copy of [the summons and complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." For the reasons

33

discussed below, the District Court correctly concluded that SZIC substantially complied with Rule 4(e)(2)(B).

*First*, the District Court did not err in finding, based on the record before it, that Liu was living at the Rancho Santa Fe Property, where the Petition was served, and that he had continuously lived there since April 2022. ER-24, ER-202; SER-6. As noted above, Liu does not dispute those factual findings on appeal.

*Second*, the District Court did not err in finding, based on the record before it, that SZIC left the Petition with an adult who represented herself to be a co-tenant at the Rancho Santa Fe Property. ER-25; ER 202.

As discussed above, Liu maintains on appeal that Ms. Ya was not a resident of the Rancho Santa Fe Property, but rather merely a visiting acquaintance. Opening Br. at 18-22. Liu relies entirely on his supplemental declaration for that assertion. As noted above, the Court should disregard Liu's supplemental declaration submitted to the District Court with his reply on his motion to dismiss to which SZIC had no opportunity to respond. *See, e.g.*, *Provenz*, 102 F.3d at 1483. To the extent the Court nevertheless considers Liu's untimely and self-serving supplemental declaration, it must resolve in SZIC's favor conflicts between the parties' statements contained in affidavits and declarations in the record. *Schwarzenegger*, 374 F.3d at 800. Moreover, even if Ms. Ya were merely an acquaintance visiting the Rancho Santa Fe Property, service on her at that property

34

was sufficient to substantially comply with Rule 4(e)(2)(B) of the Federal Rules of Civil Procedure, as it was "reasonably calculated" to give Liu actual notice of the proceedings and an opportunity to be heard and Liu actually received notice and appeared to defend himself in this action. Liu cites no case applying Rule 4(e)(2)(B) to the contrary.

For the foregoing reasons, where, as here, it is undisputed that Liu was physically present in California, the Court should affirm the District Court's exercise of personal jurisdiction over Liu based on SZIC's substantial compliance with Rule 4(e)(2)(B) of the Federal Rules of Civil Procedure.

## IV.   IN THE ALTERNATIVE, THE COURT SHOULD AFFIRM THE DISTRICT COURT'S EXERCISE OF PERSONAL JURISDICTION OVER LIU BASED ON SZIC'S COMPLIANCE WITH RULE 5 OF THE FEDERAL RULES OF CIVIL PROCEDURE

The District Court noted in its Order that Liu "[took] the position that Rule 4 [of the Federal Rules of Civil Procedure] governs service of the Petition," and "failed to address the service of process provision contained within the FAA." ER-25. Accordingly, "because Respondent Liu [did] not argue he was subject to service by U.S. Marshal [pursuant to the FAA], the [District] Court assume[d] without deciding that Petitioner [*i.e.*, SZIC] was not required under 9 U.S.C. § 9 to serve Respondent[] [*i.e.*, Liu] in this manner." ER-25.

35

The extent to which Section 9 of Chapter 1 of the FAA (9 U.S.C. § 9) governs SZIC's service of the Petition in this action is not before the Court: (1) Liu failed to raise that issue below; (2) the District Court did not decide that issue; and (3) Liu did not raise that issue in his Opening Brief on appeal. Accordingly, the Court should not consider it. *Int'l Union of Bricklayers v. Martin Jaska, Inc.*, 752 F.2d 1401, 1404 (9th Cir. 1985).

However, if the Court were to find any reason not to affirm the District Court's exercise of personal jurisdiction over Liu based on either (1) Liu's waiver of his challenge to sufficiency of service (*see* Section II above) or (2) SZIC's substantial compliance with Rule 4 of the Federal Rules of Civil Procedure (*see* Section III above), the Court should find that Section 9 of Chapter 1 of the FAA does *not* govern service of the Petition in this action and affirm the District Court's exercise of personal jurisdiction over Liu based on SZIC's compliance with Rule 5 of the Federal Rules of Civil Procedure.[7]

Rule 4 of the Federal Rules of Civil Procedure governs service of summons and complaint in a federal district court. *Voltage Pictures, LLC v. Gussi, S.A. de C.V.*, 92 F.4th 815, 825 (9th Cir. 2024). However, this action does not concern the

---

7  As noted above, the Court "may affirm [the District Court] based on any ground supported by the record." *Johnson*, 534 F.3d at 1121.

service of summons and a complaint. Rather, it concerns the service of a prevailing party's application to confirm a foreign arbitration award pursuant to Chapter 2 of the FAA, which codifies enforcement of foreign arbitration awards under the New York Convention. *See id.* at 825-26. The Federal Rules of Civil Procedure govern proceedings under the FAA, except as the FAA "provide[s] other procedures." *Id.* (quoting Fed. R. Civ. P. 81(a)(6)(B)).

Chapter 2 of the FAA incorporates the provisions of Chapter 1 of the FAA "to the extent that [Chapter 1] is not in conflict with [Chapter 2] or the [New York] Convention." 9 U.S.C. § 208. Section 6 of Chapter 1 of the FAA provides that "[a]ny application to the court hereunder shall be made and heard in the manner provided by law for the making and hearing of motions, except as otherwise herein expressly provided." 9 U.S.C. § 6. In federal district court, Rule 5 of the Federal Rules of Civil Procedure generally governs the service of "written motion[s]" and "notice[s]." *Voltage Pictures*, 92 F.4th at 826 (quoting Fed. R. Civ. P. 5(a)(1)(D), (E)).

Section 9 of Chapter 1 of the FAA sets forth procedures for confirming domestic arbitration awards—including rules for service of notice of an application to confirm an arbitration award "made to the United States court in and for the district within which such award was made"—in relevant part as follows:

> If no court is specified in the agreement of the parties, then such *application [for an order confirming an arbitration award] may be made to the United States court in and for the district within which such award was made.* Notice of the application shall be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding. *If the adverse party is a resident of the district within which the award was made*, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court. *If the adverse party shall be a nonresident*, then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court.

9 U.S.C. § 9 (emphasis added).

Here, the Arbitration Award was made in Beijing, China by a Beijing Arbitration Commission Tribunal—not in any judicial district of the United States. ER-216. Thus, the rules contained in Section 9 of Chapter 1 of the FAA for service of notice of an application to confirm an arbitration award made in a judicial district of the United States—which specify one type of service "[i]f the adverse party is a resident of the district within which the award was made," and another "[i]f the adverse party [is] a nonresident"—do not apply. *See, e.g., Azod v. Robinson*, No. 22-cv-05214, 2022 WL 18143882, at *4 (C.D. Cal. Nov. 9, 2022), *aff'd*, No. 22-56186, 2024 WL 163371 (9th Cir. Jan. 16, 2024) (recognizing that "the Convention may override Chapter 1 of the FAA with respect to arbitration awards made outside of the United States and under non-U.S. law").

38

Accordingly, pursuant to Section 6 of Chapter 1 of the FAA, Rule 5 of the Federal Rules of Civil Procedure governs SZIC's service of the Petition in this action. *See Voltage Pictures*, 92 F.4th at 830-31 ("[W]e hold that Rule 5(b)—the federal procedural law governing how service of a motion is made, Fed. R. Civ. P. 5(b)—is the default rule for serving notice of an application to confirm an [arbitration] award when [Section 9 of Chapter 1 of the FAA] conflicts with Chapter 2 [of the FAA]."). Rule 5 of the Federal Rules of Civil Procedure authorizes service of papers by "mailing [the papers] to the person's last known address—in which event service is complete upon mailing." Fed. R. Civ. P. 5(b)(2)(C).

As discussed above, the District Court did not err in finding, based on the record before it, that SZIC's process server mailed a copy of the Petition to Liu at the Rancho Santa Fe Property, ER-205–06, and that Liu was living at the Rancho Santa Fe Property and had continuously lived there since April 2022, ER-24; SER-6. As noted above, Liu does not dispute those factual findings on appeal. Opening Br. at 18.

For the foregoing reasons, where, as here, it is undisputed that Liu was physically present in the Southern District of California, the Court should affirm the District Court's exercise of personal jurisdiction over Liu based on SZIC's compliance with Rule 5 of the Federal Rules of Civil Procedure.

39

## CONCLUSION

For the foregoing reasons, SZIC respectfully requests that the Court affirm the District Court's Order and Judgment granting the Petition and confirming the Arbitration Award.

Dated: April 7, 2025                    Respectfully submitted,

/s/*Meaghan Gragg*
Meaghan Gragg
Yi-Chin Ho
Holden Fitzgerald
HUGHES HUBBARD & REED LLP
1999 Avenue of the Stars
Los Angeles, California 90067
Telephone: (213) 613-2800
meaghan.gragg@hugheshubbard.com
yichin.ho@hugheshubabrd.com
holden.fitzgerald@hugheshubbard.com

*Counsel for Petitioner-Appellee*
*SHENZHEN ZEHUIJIN INVESTMENT*
*CENTER, LIMITED PARTNERSHIP*

## STATEMENT OF RELATED CASES

Pursuant to Circuit Rule 28-2.6, Petitioner-Appellee states that it is unaware of any related cases pending before the Court.

Dated: April 7, 2025              Respectfully submitted,

/s/*Meaghan Gragg*
Meaghan Gragg
Yi-Chin Ho
Holden Fitzgerald
HUGHES HUBBARD & REED LLP
1999 Avenue of the Stars
Los Angeles, California 90067
Telephone: (213) 613-2800
meaghan.gragg@hugheshubbard.com
yichin.ho@hugheshubbard.com
holden.fitzgerald@hugheshubbard.com

*Counsel for Petitioner-Appellee*
*SHENZHEN ZEHUIJIN INVESTMENT*
*CENTER, LIMITED PARTNERSHIP*

## CERTIFICATE OF COMPLIANCE

**9th Cir. Case Number(s)** 24-6215

I am the attorney or self-represented party.

This brief contains 9,112 words, including 0 words manually counted in any visual images, and excluding the items exempted by FRAP 32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief *(select only one)*:

[ X ]   complies with the word limit of Cir. R. 32-1.

[ ]   is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

[ ]   is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

[ ]   is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

[ ]   complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:

[ ] it is a joint brief submitted by separately represented parties.

[ ] a party or parties are filing a single brief in response to multiple briefs.

[ ] a party or parties are filing a single brief in response to a longer joint brief.

[ ] complies with the length limit designated by court order dated _____.

[ ] is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** s/*Meaghan Gragg*     **Date** April 7, 2025

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on April 7, 2025. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated: April 7, 2025 /s/*Meaghan Gragg*
Meaghan Gragg

# ADDENDUM

## ADDENDUM TABLE OF CONTENTS

Cal. Civ. P. Code § 415.20(b) ............................................3a

Fed. R. Civ. P. 4(e)(2)(B) ............................................3a

9 U.S.C. § 9 ............................................3a

9 U.S.C. § 6 ............................................4a

Fed. R. Civ. P. 5(b)(2)(C) ............................................4a

## Cal. Civ. Proc. Code § 415.20(b)

If a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served, as specified in Section 416.60, 416.70, 416.80, or 416.90, a summons may be served by leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address other than a United States Postal Service post office box, in the presence of a competent member of the household or a person apparently in charge of his or her office, place of business, or usual mailing address other than a United States Postal Service post office box, at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left.  Service of a summons in this manner is deemed complete on the 10th day after the mailing.

## Fed. R. Civ. P. 4(e)(2)(B)

(e) Serving an Individual within a Judicial District of the United States.  Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:

…

(2) doing any of the following:

…

(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; . . .

## 9 U.S.C. § 9

If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.  If no court is specified in the agreement of the parties, then such application may be made to

the United States court in and for the district within which such award was made. Notice of the application shall be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding. If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court. If the adverse party shall be a nonresident, then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court.

### 9 U.S.C. § 6

Any application to the court hereunder shall be made and heard in the manner provided by law for the making and hearing of motions, except as otherwise herein expressly provided.

### Fed. R. Civ. P. 5(b)(2)(C)

(b) Service: How Made.

…

(2) *Service in General*. A paper is served under this rule by:

…

(C) mailing it to the person's last known address—in which event service is complete upon mailing;…