No. 24-6215

# United States Court of Appeals for the Ninth Circuit

SHENZHEN ZEHUIJIN INVESTMENT CENTER, Limited Partnership,

*Petitioner-Appellee,*

– v. –

LIU YINGKUI,

*Respondent-Appellant,*

– and –

ZHANG XIN,

*Respondent.*

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA
HONORABLE MICHAEL M. ANELLO, CASE NO. 3:24-CV-00372-MMA-DEB

## SUPPLEMENTAL EXCERPTS OF RECORD

MEAGHAN GRAGG
YI-CHIN HO
HOLDEN FITZGERALD
HUGHES HUBBARD & REED LLP
*Attorneys for Petitioner-Appellee*
1999 Avenue of the Stars, 9th Floor
Los Angeles, California 90067
(213) 613-2800
meaghan.gragg@hugheshubbard.com
yichin.ho@hugheshubbard.com
holden.fitzgerald@hugheshubbard.com

**INDEX**

**Volume 1**

| Date | Dkt. # | Document Title | Page |
|---|---|---|---|
| July 10, 2024 | 16-1 | Declaration of Pu Gang in Support of SZIC's Opposition to Liu's Motion to Dismiss Petition | SER-3 |
| February 26, 2024 | 1-3 | Declaration of Pu Gang in Support of Petition to Confirm Arbitration Award | SER-9 |

1  YI-CHIN HO (CA SBN 204834)
   yichin.ho@hugheshubbard.com
2  HANNAH A. BOGEN (CA SBN 324294)
   hannah.bogen@hugheshubbard.com
3  HUGHES HUBBARD & REED LLP
   1999 Avenue of the Stars, 9th Floor
4  Los Angeles, CA  90067-4620
   Telephone:  (213) 613-2800
5  Facsimile:  (213) 613-2950

6  Attorneys for Petitioner
   Shenzhen Zehuijin Investment Center (Limited Partnership)

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| Shenzhen Zehuijin Investment Center, (Limited Partnership), | ) | CASE NO. 3:24-cv-00372-MMA-DEB |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | [Assigned to Hon. Michael M. Anello] |
| Liu Yingkui, Zhang Xin, | ) | **DECLARATION OF PU GANG IN SUPPORT OF PETITIONER'S OPPOSITION TO RESPONDENT LIU YINGKUI'S MOTION TO DISMISS PETITION TO CONFIRM ARBITRATION AWARD** |
| Respondents. | ) | |

DECLARATION OF PU GANG

281249851_1

**SER-3**

I, Pu Gang, declare as follows:

1. I am Executive Partner of ShenZhen ZeHuijin Investment Center LP ("SZIC"), a Limited Partnership organized under the laws of the People's Republic of China ("PRC"), with its principal place of business located at 2305, 8F, QianHai Excellence Finance Centre, Phase I Unit 2 GuiWan Area, NanShan Sub-District, QianHai ShenZhen-Hong Kong Cooperation Zone, (Suite 515 5/F Tsinghua Information Harbor Research Building, Keyuan Road, Xili Street, Nanshan District), Shenzen, Guangdong Provence. I make this declaration in support of SZIC's Opposition to Respondent Liu Yingkui's Motion to Dismiss its Petition to Enforce the Arbitration Award.

**Ningbo Zhenrong**

2. Up until January 26, 2018, I was the managing partner of Ningbo Zhenrong.

3. As one of Ningbo Zhenrong's managing partners, I oversaw the terms of the October 2017 Investment Agreement and Memorandum entered into by Ningbo Zhenrong, Respondent Liu Yingkui, Sinowel Communication Co., Ltd. (the "Target Company"), and eight other entities (the "Investment Agreement and Memorandum"). I oversaw the drafting of the Investment Agreement and Memorandum that was executed and am familiar with its terms.

4. Beijing Sinowel Communication Technology Co., Ltd. and Jiahua Communication Technology Co., Ltd. are the same company with the same corporate registration identification number. Both are mutually referred to as the Target Company.

5. Pursuant to the Investment Agreement and Memorandum, the 120 million RMB paid by Ningbo Zhenrong was actually part of the 160 million RMB paid by SZIC under the Loan Agreement. This is also evidenced by some of the calculations and language in the Investment Agreement and Memorandum.

1

DECLARATION OF PU GANG

281249851_1

**SER-4**

6. Pursuant to both the Loan Agreement and the Investment Agreement and Memorandum, SZIC paid Ningbo Zhenrong 120 million RMB. Ningbo Zhenrong then paid that same 120 million RMB to the Target Company in execution of the Loan Agreement between SZIC and Liu Yingkui. This 120 million RMB was not Ningbo Zhenrong's independent investment into the Target Company. Ningbo Zhenrong was the vehicle by which SZIC loaned 120 million RMB to the Target Company pursuant to the Loan Agreement and the Investment Agreement and Memorandum.

7. Ningbo Zhenrong has no independent interest in the 120 million RMB that it transferred to the Target Company on behalf of SZIC. If SZIC obtained a judgment in this Court confirming the arbitration award at issue, Ningbo Zhenrong would not be denied any monetary relief. Ningbo Zhenrong does not need to be made whole in any way because the 120 million RMB that it transferred to the Target Company constituted SZIC's funds, not Ningbo Zhenrong's funds.

**The November 12, 2020 Arbitration**

8. All parties to the Loan Agreement which included SZIC and Liu Yingkui consented to resolution of any disputes with respect to the Loan Agreement to be resolved by the Beijing Arbitration Commission ("BAC") and in accordance with its rules.

9. The arbitration at issue in this case on November 12, 2020 was governed by the ordinary procedures contained within the Arbitration Rules of the BAC, as implemented on September 1, 2019. As stated on SZIC_00045 of ECF No. 1-07, the BAC tribunal's award, "[b]oth parties testified and cross-examined the evidences produced by them and expressed their arguments." During the proceeding, Mr. Liu never objected on the grounds that he was unable to cross-examine any evidence or witness. In fact, when asked by the BAC tribunal, he consented to all aspects of the proceeding, as demonstrated by the transcript that he

attached to his declaration, Exhibit B, ECF no. 12-5. On information and belief, at the time of the arbitration, Respondent Liu Yingkui knew I was a managing partner for Ningbo Zhenrong. He did not ask the tribunal if he could cross examine me during the arbitration.

**Mr. Liu's Connections to California**

10. On information and belief, Mr. Liu resides and intends to remain in California. His wife owns and they both have lived at 16978 Circa Del Sur, Rancho Santa Fe, California 92067 since in or around April 2022. He also has had the P.O. Box 8426 address located in Rancho Santa Fe, California since July 2022. Lastly, he has a Venmo account, which is only allowed to transact business in the United States. On information and belief, he uses his Venmo account to transact business in California. I am confident that discovery in this case would reveal that Respondents have additional and substantial connections to the state of California.

**Mr. Liu's Control Over the Target Company**

11. Although business registration information shows that on December 2, 2020, Liu Yingkui withdrew from the Target Company and is not associated with the Target Company, in reality, on information and belief, the Target Company is still under the de facto control of Liu Yingkui, and the "withdrawal" from the Target Company is just a tactic for him to obstruct the execution of the BAC tribunal's award that is at issue in this case. On information and belief, since on or around 2021, the Target Company has been cooperating with Liu Yingkui to impede the execution of the BAC tribunal's award in favor of SZIC.

12. On information and belief, in or around 2024, the Target Company sued as a plaintiff, naming Ningbo Zhenrong and Liu Yingkui as defendants and SZIC as a third party, demanding that all three parties be held liable for alleged wrongs in relation to the Loan Agreement. It appears that the Target Company and Liu Yingkui are opposing parties, but in reality, on information and belief, Liu Yingkui

3

1  must have fully cooperated with Target Company and likely created a sham lawsuit
2  to avoid paying his debts.

3  **Lack of Adequate Relief in China**

4      13. Although an enforcement order was issued against Respondent Liu
5  Yingkui on November 3, 2022 ordering him to pay 140 million RMB, interest,
6  liquidated damages, arbitration fees, legal fees, and other costs within 15 days to
7  SZIC, SZIC remains unable to secure funds ordered by that judgment. SZIC is
8  currently in the process of applying for the auction of Liu Yingkui's shares, and all
9  of the outstanding shares have already been auctioned, with the remaining shares
10 being restricted shares. The restricted shares have been appraised prior to the
11 auction, but Liu Yingkui has been impeding and objecting to every aspect of the
12 auction, which has slowed down the progress of the auction. SZIC has been working
13 diligently and consistently to address these objections, but the restricted shares have
14 not yet been auctioned. The court in China recently identified a house in China
15 owned by Liu Yingkui, but the value is not significant. Mr. Liu's bank accounts do
16 not have sufficient funds to cover the enforcement order payments. Mr. Liu and
17 Zhang Xin continue to evade and impede SZIC's ability to collect any funds
18 pursuant to the enforcement order. Paying Mr. Liu's debts using the assets he has in
19 California can only be done in this Court. There are no remedies or forums in China
20 that can assist with this task.
21 ///
22 ///
23 ///

4

DECLARATION OF PU GANG

281249851_1

**SER-7**

14. My native language is Mandarin Chinese and this declaration has been translated to me in its entirety in Mandarin Chinese. I understand the declaration in its entirety and attest to its accuracy.

I declare under the laws of the United States of America that the foregoing is true and correct. Executed on __June 28,___, 2024, at Beijing, People's Republic of China.

_____
Pu Gang

5

DECLARATION OF PU GANG

281249851_1

**SER-8**

1  YI-CHIN HO (CA SBN 204834)
   yichin.ho@hugheshubbard.com
2  HANNAH A. BOGEN (CA SBN 324294)
   hannah.bogen@hugheshubbard.com
3  HUGHES HUBBARD & REED LLP
   1999 Avenue of the Stars, 9th Floor
4  Los Angeles, California 90067-4620
   Telephone: (213) 613-2800
5  Facsimile: (213) 613-2950

6  Attorneys for Petitioner
   Shenzhen Zehuijin Investment Center (Limited Partnership)
7

8

9                  UNITED STATES DISTRICT COURT

10              FOR THE SOUTHERN DISTRICT OF CALIFORNIA

11
12  Shenzhen Zehuijin Investment Center      ) CASE NO. **'24CV0372 MMADEB**
    (Limited Partnership),                   )
13                                           )
                                             ) [Assigned to Hon. _____]
14                  Petitioner,              )
                                             ) **DECLARATION OF PU GANG IN**
15          v.                               ) **SUPPORT OF PETITION TO**
                                             ) **CONFIRM ARBITRATION AWARD**
16  Liu Yingkui, Zhang Xin,                  )
17                                           )
                    Respondents.             )
18                                           )

19
20
21
22
23
24
25
26
27
28

---

DECLARATION OF PU GANG IN SUPPORT OF PETITION TO CONFIRM ARBITRATION AWARD

**SER-9**

I, Pu Gang, declare as follows:

1. I am Executive Partner of ShenZhen ZeHuijin Investment Center LP, a Limited Partnership organized under the laws of the People's Republic of China ("PRC"), with its principal place of business located at 2305, 8F, QianHai Excellence Finance Centre, Phase I Unit 2 GuiWan Area, NanShan Sub-District, QianHai ShenZhen-Hong Kong Cooperation Zone, (Suite 515 5/F Tsinghua Information Harbor Research Building, Keyuan Road, Xili Street, Nanshan District), Shenzen, Guangdong Provence ("SZIC"). I make this declaration in support of SZIC's Petition to Enforce the Arbitration Award.

2. Attached hereto as **Exhibit A** is a true and correct copy of the September 2017 Loan Agreement that SZIC entered into with Liu Yingkui ("Respondent") and Beijing Sinowel Communication Technology Co., Ltd., which contains an arbitration clause in section 4.2 (the "Loan Agreement"). Pursuant to the Loan Agreement, SZIC made a loan to Respondent for 160,000,000 Yuan, which was to be used by Respondent to repurchase and release the VIE structure of Beijing Sinowel Communication Technology Co., Ltd. and Beijing Sinowel Asset Administration Co., Ltd. (collectively, the "Target Company").

3. Respondent Liu Yingkui (individually, "Respondent") is an individual residing within the Southern District of California, with his primary residence located at Room 2002, Unit 1, No. 2, DongzimenwaiXiaojieJia, Dongcheng District, Beijing and is otherwise sui juris. Respondent Liu Yingkui currently resides in San Diego, California with his wife, Respondent Zhang Xin (collectively, "Respondents").

4. To effectuate the terms of the Loan Agreement, SZIC also entered into the Cooperation Agreement with Respondent and the Target Company in 2017 (the "Cooperation Agreement"). The Cooperation Agreement states that when SZIC provides Respondent with the 160,000,000 Yuan pursuant to the Loan Agreement, SZIC's creditor's rights could be converted into equities and that, after converting into

1

DECLARATION OF PU GANG IN SUPPORT OF PETITION TO CONFIRM ARBITRATION AWARD

**SER-10**

equities, Respondent should transfer 13.79% of the Target Company to SZIC which, after transfer is final, should fully settle the principal and interest paid pursuant to the Loan Agreement.

5. Attached hereto as **Exhibit B** is a true and correct copy of the 2017 Cooperation Agreement.

6. To effectuate the terms of the Loan Agreement, SZIC and Respondent also entered into the Investment Agreement and Memorandum with nine other parties in or around October 2017 whereby Ningbo Zhenrong would loan 120,000,000 Yuan to the Target Company for one year, which would only need to be repaid at 8% interest if the equity conversion of the Target Company failed. In the same month, the same parties also drafted an Investment Memorandum which was designed to outline the relevant returns on investment and clarify the fund relationship between SZIC and Respondent (collectively, the "Investment Agreement and Memorandum"). It is my personal belief that Respondent entered into supplemental agreements including the Cooperation Agreement and the Investment Agreement and Memorandum to avoid personal liability for repayments pursuant to the Loan Agreement.

7. Attached hereto as **Exhibit C** is a true and correct copy of the October 2017 Investment Agreement and Memorandum.

8. Pursuant to the Loan Agreement, SZIC lent Respondent 160,000,000 Yuan (the "Loan"), which was to be used by Respondent to repurchase and release VIE structure of Beijing Sinowel Communication Technology Co., Ltd. and Beijing Sinowel Asset Administration Co., Ltd.

9. The Loan term was one year from the first payment installment. If Respondent did not pay back the Loan within that year, liquidated damages with a 5% interest rate per day from the date of the overdue payment would apply. The Loan Agreement also stated that "where [Respondent] fails to repay this Loan before and

after the expiration of the term of this Loan…Party A agrees to transfer the equity …to offset the total principle of this Loan."

10. SZIC funded the Loan starting on December 22, 2017 in the amount of 140,000,000 Yuan, on April 17, 2018 in the amount of 10,000,000 Yuan, and on May 3, 2018 in the amount of 10,000,000 Yuan. Payments pursuant to the Loan Agreement were paid both by SZIC and through third parties Ningbo Zhenrong Equity Investment Partnership (Limited Partnership) ("NZ") and FudingMusen Equity Investment Partnership (Limited Partnership) ("FM"). Using SZIC's funds, NZ and FM funded the Target Company as outlined and planned for in the Loan Agreement, Cooperation Agreement, and Investment Agreement and Memorandum. As admitted by NZ and FM, accepted by the Tribunal, and as is clear from the Loan Agreement's terms, regardless of any third-party involvement in the transfer of the Loan funds, Respondent remained responsible for repayment of the Loan at all times.

11. On December 22, 2018, when all payments pursuant to the Loan were due, Respondent failed to complete repayment pursuant to the terms of the Loan Agreement. To date, Respondents have not fulfilled their payment obligations pursuant to the Loan Agreement.

12. On July 23, 2020, SZIC initiated arbitration proceedings against Respondent before the Beijing Arbitration Commission (the "Tribunal") based on Respondent's failure to make the required payments pursuant to the Loan Agreement and sought 160,000,000 Yuan with an annual 8% interest rate for the 365-day loan period, 12,234,521 Yuan in interest, and 72,390,000 Yuan in liquidated damages.

13. After a hearing on November 12, 2020, on March 22, 2021, the Tribunal ruled that the Respondent owed my company, SZIC, the following: 140,000,000 Yuan, the principal pursuant to the Loan Agreement; 8% interest on that loan between December 22, 2017 and December 22, 2018 totaling 11,200,000 Yuan; liquidated damages for overdue payment on the principal loan of 140,000,000 Yuan at the rate of

Case: 24-6215, 04/07/2025, DktEntry: 24.1, Page 13 of 16
Case 3:24-cv-00372-MMA-DEB   Document 1-3   Filed 02/26/24   PageID.36   Page 5 of 8

5% per day to the date of actual settlement; lawyer's fees in the amount of 400,000 Yuan; and 80% of the arbitration fees in the amount of 1,080,966.27 Yuan (the "Award").

14. Pursuant to the Tribunal's order, Respondent was to pay the above sums within 15 days of service of the Tribunal's March 22, 2021 Award.

15. Attached hereto as **Exhibit D** is a true and correct copy of the Tribunal's March 22, 2021 Award in favor of SZIC.

16. On May 8, 2021, the Court issued Enforcement Notice (2021) J 02 Z No. 669 and served it on Respondent and made an enforcement ruling requiring a freeze and transfer of 152,680,966.27 Yuan, all liquidated damages, doubled interest on Respondent's debt during the delay in performance, and the enforcement fees actual expenses paid in the enforcement from June 2021 to June 2024. The enforcement order further stated that if the above sums were insufficient to fulfill Respondent's obligations, his other assets shall be sealed up, frozen, seized, auctioned, or sold off according to law. This ruling was served on Respondent.

17. To date, the Respondents have failed to pay all amounts due pursuant to the Award.

18. The Tribunal's Award has not been set aside where the arbitration took place or in any other jurisdiction.

19. To date, Respondent has made numerous attempts to set aside the Tribunal's original Award. All of Respondent's attempts to set aside the Tribunal's award have been rejected.

20. On June 2, 2021, the Beijing Fourth Intermediate People's Court rejected Respondent's attempts to revoke the Award. Despite Respondent's claims, the Fourth Intermediate People's Court found no evidence that arbitration procedure somehow violated legal procedure, was not based on a valid agreement to arbitrate, or that the statement of evidence was forged.

4
DECLARATION OF PU GANG IN SUPPORT OF PETITION TO CONFIRM ARBITRATION AWARD
SER-13

21. Attached hereto as **Exhibit E** is a true and correct copy of the Beijing Fourth Intermediate People's Court's June 2, 2021 order.

22. On August 16, 2021, the Beijing Second Intermediate People's Court rejected Respondent's requests to unfreeze his assets on the grounds that the method of freezing is assets was unlawful because he did not receive the requisite notice. However, the court unfroze certain of Respondent's bank accounts purely because the sale of his stocks and other freezing measures satisfied the debts he owed to SZIC such that additional asset freezes were unnecessary.

23. Attached hereto as **Exhibit F** is a true and correct copy of the Beijing Second Intermediate People's Court's August 16, 2021 order.

24. On September 9, 2021 the Beijing Second Intermediate People's Court rejected Respondent's request for a non-enforcement order and, in turn, rejected his arguments that the matter did not fall within the scope of an arbitration agreement, the arbitration procedure violated legal procedure, and that the evidence on which the Tribunal's Award was based was falsified.

25. Attached hereto as **Exhibit G** is a true and correct copy of the Beijing Second Intermediate People's Court's September 9, 2021 order.

26. On April 12, 2022, Respondent applied to the Fourth Branch of the Beijing Municipal People's Procuratorate (the "Fourth Branch, People's Procuratorate") for a procuratorial order for civil supervision of the decision of the Fourth Intermediate Court; this application was rejected on November 15, 2022.

27. Attached hereto as **Exhibit H** is a true and correct copy of the Fourth Branch, People's Procuratorate's November 15, 2022 order.

28. On November 1, 2022, SZIC filed an application in HC/OA 725 of 2022 ("OA 725") with the High Court of the Republic of Singapore to enforce the Award in Singapore pursuant to s 29(1) of the International Arbitration Act 1994 (2020 Rev Ed)

(the "IAA"). On November 3, 2022, the Assistant Registrar granted SZIC's application for an enforcement order.

29. Attached hereto as **Exhibit I** is a true and correct copy of the High Court of the Republic of Singapore's November 3, 2022 order (the "Enforcement Order").

30. On December 14, 2022, Respondent filed SUM 4435 to set aside the Enforcement Order with the High Court of the Republic of Singapore. In his affidavit filed in support of his application, Respondent argued that the Enforcement Order should be set aside on the following grounds: (a) The Award had been fully and/or effectively satisfied in enforcement proceedings by the claimant in the PRC, including by way of freezing the Respondent's shares in the Listed Company; (b) The Award dealt with a difference not contemplated by, or not falling within the terms of, the submission to arbitration or contained a decision on the matter beyond the scope of the submission to arbitration (s 31(2)(*d*) IAA); (c) SZIC breached its duty of full and frank disclosure; and (d) The enforcement of the Award would be contrary to the public policy of Singapore (s 31(4)(*b*) IAA). Respondent applied in the alternative to adjourn SZIC's application in OA 725 pursuant to s 31(5)(*a*) of the IAA until after his application to set aside or challenge the Award had been fully dealt with by the courts of the PRC (including by way of an application to the People's Procuratorate, and a potential protest to the Beijing High People's Court).

31. On February 20, 2023, the General Division of the High Court of the Republic of Singapore dismissed Respondent's appeal of the Assistant Registrar's order denying his application to file a further affidavit related to his application to set aside the Enforcement Order, and dismissed his application to set aside the Enforcement Order.

32. Attached hereto as **Exhibit J** is a true and correct copy of the High Court of the Republic of Singapore's February 20, 2023 order.

33. Attached hereto as **Exhibit K** is a true and correct copy of the High Court of the Republic of Singapore's March 3, 2023 judgment against Respondent ordering him to pay all sums due pursuant to the Tribunal's March 22, 2021 Award.

34. Attached hereto as **Exhibit L** is a true and correct copy of the High Court of the Republic of Singapore's April 5, 2023 order dismissing Respondent's appeal of the Tribunal's decision and Award and application to set aside the enforcement order in support of enforcement of the Tribunal's Award.

My native language is Mandarin Chinese and this declaration has been translated to me in its entirety in Mandarin Chinese. I understand the declaration in its entirety and attest to its accuracy.

I declare under the laws of the United States of America that the foregoing is true and correct. Executed on February 22, 2024, at Beijing, People's Republic of China.

_____
Pu Gang