**No. 24-6215**

---

**IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

---

**SHENZHEN ZEHUIJIN INVESTMENT CENTER
(Limited Partnership),**

Petitioner-Appellee

v.

**LIU YINGKUI, et al.**

Respondent-Appellant

---

On Appeal from the United States District Court
for the Southern District of California (San Diego)
District Court Case No. 3:24-cv-00372-MMA-DEB

Honorable Michael M. Anello, District Judge

---

**APPELLANT LIU YINGKUI'S REPLY BRIEF**

---

Anthony J. Dain (Bar No. 98947)
E-mail: anthony.dain@procopio.com
PROCOPIO, CORY, HARGREAVES &
SAVITCH LLP
525 B Street, Suite 2200
San Diego, CA 92101
Telephone: 619.238.1900
Facsimile: 619.235.0398
Attorney for Respondent-Appellant LIU YINGKUI

## Table of Contents

Page

INTRODUCTION..................................................................................1

ARGUMENT .......................................................................................2

I.   As the High Court in *Burnham v. Superior Court of California,
     County of Marin*, 495 U.S. 604 (1990*)* A*ffirmed and, Most
     Recently in *Mallory v. Norfolk Southern Railway Co.*, 600 U.S.
     122 (2023) Reaffirmed, and as Every Federal Court and State Law
     Addressing the Issue has Held, Personal Service is Required to
     Acquire Tag Jurisdiction. .....................................................2

     A.   *Burnham* was a Plurality Opinion.  As Such, its Holding is
          limited to the Narrowest Grounds Upon Which the Majority
          Concurred.  The Majority Concurred on One Critical
          Factor: Personal Service on a Non-Resident Perfected
          Jurisdiction in California..............................................2

     B.   As Recently as 2023, in *Mallory v. Norfolk Southern
          Railway Co.,* 600 U.S. 122, 128 (2023) the High Court
          Reaffirmed that Tag Jurisdiction Can be Obtained Only by
          Personal Service. ..........................................................5

     C.   Every Federal Court to Address the Issue Has Agreed that
          Tag Jurisdiction is Concomitant with Personal Service. ...........6

     D.   State Laws, Including California and New York, Also
          Recognize the Concept of Tag Jurisdiction as Jurisdiction
          Based Solely on Personal Service..............................8

     E.   Scholars and Courts have Cautioned Against Reading Too
          Much Into *Burnham's* Plurality.  They caution that Personal
          Service is the Minimum, and that Some Minimum Contacts
          Analysis May Be Required. ........................................9

II.  SZIC'S Argument That Substitute Service Is Sufficient To
     Comport With Due Process Fails For Lack Of Authority And
     Logic...............................................................12

i

III.    Irrespective Whether Service Is Made Under F.R.C.P. 4 or 5, Due Process Mandates Personal Service. Moreover, Due Process Cannot be Circumvented by Designating the Initial Action Against a Non-Resident Defendant a Motion Rather than a Complaint. ..........................................................................16

IV.    Mr. Liu Did Not Waive His Right to Challenge Personal Jurisdiction, as he Raised the Defense at the First Available Opportunity and the District Court Addressed his Challenge. ...........19

**CONCLUSION**....................................................................................**22**

**CERTIFICATE OF COMPLIANCE** ..................................................**23**

**CERTIFICATE OF SERVICE** ........................................................**24**

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*AG v. Bauman*
134 S. Ct. 746 (2014).............................................................................10

*Avus Designs, Inc. v. Grezxx, LLC*
644 F.Supp.3d 963 (D.Wyo. 2022).......................................................8

*Burnham v. Superior Court of California, County of Marin*
495 U.S. 604 (1990).......................................................................passim

*Conn v. Zakharov*
667 F.3d 705 (6th Cir. 2012) ....................................................7, 11, 12

*Cripps v. Life Ins. Co. of N. Am.*
980 F.2d 1261 (1992).............................................................................6

*Dunlop Tires Operations, S.A. v. Brown*
131 S. Ct. 2846 (2011).........................................................................10

*Estate of Ungar v. Palestinian Authority*
400 F.Supp.2d 541 (2005) ....................................................................8

*First American Corp. v. Price Waterhouse LLP*
154 F.3d 16 (1998)....................................................................7, 8, 15

*Glenn K. Jackson Inc. v. Roe*
273 F.3d 1192 (2001)...........................................................................21

*Harbour Victoria Investment Holdings Ltd. v. Chawla*
148 F.Supp.3d 298 (2015) ..........................................................5, 12, 19

*In re Inmobiliaria Tova, S.A.*
No. 20-24981-MC-COOKE/O'SULLIVAN, WL 925517 (S.D. Fla. March 10, 2021) .................................................................................................8

*In re Rejuvi Laboratory, Inc.*
26 F.4th 1129 (2022) ..................................................................9, 10, 15

iii

*In re Riverside-Linden Inv. Co.*
  945 F.2d 320 (9th Cir. 1991) .................................................................21

*In Re Terra Invest, LLC*
  No. 21-CV-23332-BLOOM/OTAZO-REYES, WL 18662732 (S.D. Fla. Nov. 7,
  2022) ...................................................................................................1,13

*Int'l Shoe Co. v. Washington*
  326 U.S. 310 (1945)..............................................................................18

*Kadic v. Karadzik*
  70 F.3d 232 (2nd Cir. 1995) ................................................................16

*Lake v. Lake*
  817 F.2d 1416 (9th Cir. 1987) .............................................................14

*Loughlin v. Goord*
  558 F.Supp. 3d 126 (S.D.N.Y. 2021) .....................................................8

*Maglula, Ltd. V. Hangzhou Goodtools Co., Ltd.*
  No. 2:18-cv-00842-GMN-VCF, WL 2112983 (D. Nev. Feb. 4, 2019) ..............7

*Mallory v. Norfolk Southern Railway Co.*
  600 U.S. 122 (2023)......................................................................passim

*Marks v. U.S.*
  430 U.S. 188 (1977)................................................................................2

*Martinez v. Aero Caribbean*
  764 F.3d 1062 (9th Cir. 2014) ........................................................6, 15

*McNabb v. United States*
  318 U.S. 332 (1943)..............................................................................17

*Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co. Ltd.*
  484 U.S. 97 (1987)................................................................................18

*Oyuela v. Seacor Marine (Nigeria) Inc.*
  290 F. Supp. 2d 713 (E.D. La. 2003)......................................................4

*Reich v. Lopez*
  858 F.3d 55 (2nd Cir. 2017) ...................................................................7

iv

*Ridgeway v. Phillips*
  *383* F.Supp.3d 938 (2019) .........................................................................6, 7, 15

*RPB SA v. Hyla, Inc.*
  No. 20-cv-04105 JAK, 2020 WL 12187801 (C.D. Cal. June 9, 2020) .........6, 15

*Ruhrgas AG v. Marathon Oil Co.*
  526 U.S. 574 (1999)..................................................................................18

*Santa Escolastica, Inc. v. Pavlovsky*
  736 F.Supp.2d 1077 (E.D. Ky. 2010) ...........................................................3, 14

*Schwarzenegger v. Fred Martin Motor Co.*
  374 F.3d 797 (9th Cir. 2004) ........................................................................14

*Senju Pharmaceutical Co., Ltd. v. Metrics, Inc.*
  96 F.Supp.3d 428 (D.N.J. 2015)....................................................................3

*Shaffer v. Heitner*
  433 U.S. 186 (1977).......................................................................................13

*Sher v. Johnson*
  911 F.2d 1357 (9th Cir.1990) .......................................................................20

*Team Enterprises LLC v. Western Inv. Real Estate Trust*
  No. CV F 08-1050 LJO SMS, WL 4367560 (E.D. Cal. Sept. 23, 2008) ..........16

*United States v. Hammad*
  858 F.2 834, 839 (2d Cir.1988) .....................................................................19

*Water Wheel Camp Recreational Area, Inc. v. LaRance*
  642 F.3d 802 (9th Cir.2011) .........................................................................6

*Wenche Siemer v. Learjet Acquisition Corp.*
  966 F.2d 177 (5th Cir. 1992) .........................................................................7

*WorldCare Ltd. Corp. v. World Ins. Co.*
  767 F.Supp.2d 341 (D. Ct. 2011)...........................................................4, 11, 15

CALIFORNIA CASES

*Summers v. McClanahan*
  140 Cal.App.4th 403 ...............................................................................14, 17

**FEDERAL STATUTES, REGULATIONS, AND RULES**

Federal Rules of Civil Procedure

§ 4................................................................................16, 19
§ 4(e)(2) ..............................................................16
§ 5........................................................................19
§ 12(b)(2) ............................................................19
§ 12(h)..................................................................21

**CALIFORNIA STATUTES, REGULATIONS, AND RULES**

California Code of Civil Procedure § 1716(c)(1)(E)....................................8, 14, 15

**OTHER STATE STATUTES, REGULATIONS, AND RULES**

C.P.L.R. § 310....................................................................................8

Rules § 5304(b)(6) ............................................................................8

**OTHER AUTHORITIES**

16 James Wm. Moore et al., Moore's Federal Practice §108.51 (3d ed. 2014)...3, 10

Albert A. Ehrenzweig's *The Transient Rule of Personal Jurisdiction: The "Power" Myth and Forum Conveniens*, 65 Yale L.J. 289 (1956) ....................................10

Jeffrey W. Stempel, *The Irrepressible Myth of Burnham and its Increasing Indefensibility After Goodyear and Daimler*, 2015 Nevada Law Journal, vol. 15, 1203, 1210, 1211 ..................................................................................9

## INTRODUCTION

The fundamental question before this Court is whether the district court constitutionally exercised personal jurisdiction over Appellant Liu Yingkui (hereafter "Mr. Liu") a non-resident of California who was physically present in California, where Appellee Shenzhen Zehuijin Investment Center (Limited Partnership) (hereafter "SZIC") did not personally serve him with process. The answer is no.

Irrespective whether it is called tag jurisdiction, transient jurisdiction, personal service jurisdiction, or as one scholar colloquially referred to it as "slap service" jurisdiction, personal service is a constitutional prerequisite to acquire jurisdiction over a non-resident whose only connection to the state is his physical presence. The United States Supreme Court, and every circuit appellate court, district court and state statute that has addressed this form of jurisdiction, confirms this.

SZIC does not cite to any authority holding that substituted service is sufficient to comport with due process. Nor, after exhaustive research, did Mr. Liu find any such authority. To the contrary, as one district court explained: "Tag jurisdiction requires actual personal service; i.e., actual tagging, not could have, would have tagging." *In Re Terra Invest, LLC*, No. 21-CV-23332-

1

BLOOM/OTAZO-REYES, 2022 WL 18662732, at *3, fn.1 (S.D. Fla. Nov. 7, 2022).

This Court must find that the district court did not acquire tag jurisdiction over Mr. Liu and reverse the court's order and judgment affirming the foreign arbitration award.

## ARGUMENT

**I. AS THE HIGH COURT IN *BURNHAM V. SUPERIOR COURT OF CALIFORNIA, COUNTY OF MARIN*, 495 U.S. 604 (1990) AFFIRMED AND, MOST RECENTLY IN *MALLORY V. NORFOLK SOUTHERN RAILWAY CO.*, 600 U.S. 122 (2023) REAFFIRMED, AND AS EVERY FEDERAL COURT AND STATE LAW ADDRESSING THE ISSUE HAS HELD, PERSONAL SERVICE IS REQUIRED TO ACQUIRE TAG JURISDICTION.**

From the high Court, through the appellate courts, to the district courts and state statutes, every venue that has addressed the issue of tag jurisdiction has determined that personal service is mandatory to comport with due process.

**A. *Burnham* was a Plurality Opinion. As Such, its Holding is limited to the Narrowest Grounds Upon Which the Majority Concurred. The Majority Concurred on One Critical Factor: Personal Service on a Non-Resident Perfected Jurisdiction in California.**

*Burnham v. Superior Court of California, County of Marin*, 495 U.S. 604 (1990), as a plurality opinion, is properly confined to the narrowest holding supported by its facts. *Marks v. U.S.*, 430 U.S. 188, 194 (1977) ("When a fragmented Court decides a case and no single rationale explaining the result enjoys the assent of five Justices, the holding of the Court may be viewed as that position taken by those Members who concurred in the judgments on the narrowest grounds." (internal quotation marks omitted).)

2

The narrowest ground, which enjoyed the assent of all Justices, was that personal service on the transient non-resident was critical to acquiring tag jurisdiction. *See. e.g.*, 16 James Wm. Moore et al*.,* Moore's Federal Practice §108.51 (3d ed. 2014) ("In [Burnham], the Supreme Court unanimously upheld the constitutionality of jurisdiction based on personal service of process on a transient nonresident while that person is physically present in the state.") *See also, Santa Escolastica, Inc. v. Pavlovsky*, 736 F.Supp.2d 1077 (E.D. Ky. 2010) ("*Burnham* clearly endorses the validity of jurisdiction via personal service. Though no majority opinion exists, nine Justices agreed in the case that personal service on a non-resident effected jurisdiction in California." *Id., at* 1081.) And, as the Court in *Senju Pharmaceutical Co., Ltd. v. Metrics, Inc.*, 96 F.Supp.3d 428 (D.N.J. 2015) noted: "Four justices in *Burnham* who did not join the plurality opinion … joined in the unanimous affirmation of the lower court's holding that personal service in California upon a New Jersey resident who was transient in California comported with due process for California to exercise personal jurisdiction even absent minimum contacts with the forum." *Id., at* 437. As Justice Stewart so eloquently put it in his plurality concurrence in *Burnham*: "[t]he rule allowing jurisdiction to be obtained over a nonresident by personal service in the forum state, without more, has been and is so widely accepted throughout this country that I could not possibly strike it down, either on its face or as applied in this case, on the ground that it denies

3

due process of law guaranteed by the Fourteenth Amendment." *Burnham,* 495 U.S. at 628.

Personal service was critical to the High Court's affirmation in *Burnham*, as articulated by courts that have done deep dives into *Burnham's* application. *See, e.g., WorldCare Ltd. Corp. v. World Ins. Co.,*767 F.Supp.2d 341, 351 (D. Ct. 2011) ("Specifically, the defendant in *Burnham* was a New Jersey resident who was visiting his children in California when he was personally served with his estranged wife's divorce petition and court summons. Focusing on the fact that he was personally served within the forum state, the California courts rejected his argument that the Due Process clause of the Fourteenth Amendment prohibited them from asserting personal jurisdiction over him."); and *Oyuela v. Seacor Marine (Nigeria) Inc.*, 290 F. Supp. 2d 713, 719 (E.D. La. 2003) ("Nevertheless, in *Burnham v. Superior Court*, 495 U.S. 604 (1990), the Supreme Court concluded that personal service of process while a party is in the forum is a constitutionally valid basis for exercising jurisdiction. *Burnham*, however, lacks a majority opinion, and the Court split over whether traditional bases for exercising jurisdiction (such as service of process within the jurisdiction) always satisfied due process or whether those bases generally satisfied due process subject to the constraint imposed by 'contemporary notions of due process' (i.e., some minimal contacts with the forum). *Id.* at 610–11, 633. Regardless of the Supreme Court's rationale, *Burnham* makes it clear that

personal service of process upon an individual who is voluntarily present in the forum is a sufficient basis for jurisdiction.")

SZIC cannot cite to any authority that directly supports substitute service as sufficient to acquire tag jurisdiction. For good reason. There is no such authority. As the District Court for the Southern District of New York put it: "Indeed, the parties have not proffered, and the Court's own research has not disclosed, any decision upholding as constitutionally valid the exercise of jurisdiction over a transient served by a substituted method such as 'leave and mail.'" *Harbour Victoria Investment Holdings Ltd. v. Chawla,* 148 F.Supp.3d 298, 302 (S.D.N.Y. 2015).

While there is no authority affirming substitute service, there is a plethora of authority affirming that personal service remains a mandatory prerequisite to acquiring tag jurisdiction.

**B.    As Recently as 2023, in *Mallory v. Norfolk Southern Railway Co.,* 600 U.S. 122, 128 (2023) the High Court Reaffirmed that Tag Jurisdiction Can be Obtained Only by Personal Service.**

As recently as 2023, the United States Supreme Court reaffirmed the *Burnham* rule that personal service is required to support tag jurisdiction. Justice Gorsuch, speaking for the majority in *Mallory v. Norfolk Southern Railway Co*., 600 U.S. 122, 128 (2023), confirmed the "traditional tag rule holding that individuals physically served in a State are subject to suit there…" *Id*., at 139. In her dissent to the majority opinion on another issue, Justice Barret discussed tag jurisdiction. *Id*., at 171. In

5

agreement with Justice Gorsuch, she described, "tag jurisdiction [as] personal service upon a defendant physically present in the forum State." *Id.*

### C. Every Federal Court to Address the Issue Has Agreed that Tag Jurisdiction is Concomitant with Personal Service.

Every federal case following *Burnham,* including a plethora in the Ninth Circuit, has echoed the *Burnham* rule. For example, the Ninth Circuit has recognized that "[i]n-state personal service ... serves as a basis for personal jurisdiction." *Water Wheel Camp Recreational Area, Inc. v. LaRance*, 642 F.3d 802, 819 (9th Cir.2011). *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir.1992) held that "[p]ersonal jurisdiction over a defendant may be acquired in one of two ways: by personal service of that defendant or by means of a defendant's 'minimum contacts' with the jurisdiction." The District Court for the Central District of California described the rule perfectly: "[p]ersonal service jurisdiction is also referred to as 'tag jurisdiction.'" *RPB SA v. Hyla, Inc.*, No. 20-cv-04105 JAK (SKx), 2020 WL 12187801, at *5 (C.D. Cal. June 9, 2020). In *Ridgeway v. Phillips, 383* F.Supp.3d 938 (2019), the District Court for the Northern District of California summed up tag jurisdiction nicely: "the Ninth Circuit continues to recognize 'tag jurisdiction,' the jurisdictional theory that 'personal service upon a physically present defendant suffice[s] to confer jurisdiction, without regard to whether the defendant was only briefly in the State or whether the cause of action was related to his activities there.' *Martinez v. Aero Caribbean*, 764 F.3d 1062, 1067 (9th Cir. 2014) (citing *Burnham*

6

*v. Superior Court*, 495 U.S. 604, 610 (1990)) (brackets in original)." *Id.*, at 945.

*See also, Maglula, Ltd. V. Hangzhou Goodtools Co., Ltd., No.* 2:18-cv-00842-GMN-VCF*, 2019 WL 2112983, at *1 (D. Nev. Feb. 4, 2019).

Additionally, appellate courts in other circuits are unanimous in holding that tag jurisdiction requires personal service. The Court of Appeals for the Fifth Circuit, stated: "The Supreme Court unanimously affirmed and agreed that the rule allowing jurisdiction to be obtained over a non-resident by personal service in the forum state could not be held violative of due process under the circumstances of that case." *Wenche Siemer v. Learjet Acquisition Corp.*, 966 F.2d 177, 182 (5th Cir. 1992). In fact, the Sixth Circuit refused to consider a plaintiff's assertion that tag jurisdiction applied, because it found that plaintiff had not personally served the defendant. *Conn v. Zakharov*, 667 F.3d 705, 716 (6th Cir. 2012). And, the Second Circuit refused to resolve a plaintiff's assertion that it had obtained tag jurisdiction, in part because the parties disputed whether the defendant had been personally served. *Reich v. Lopez*, 858 F.3d 55, 69 (2nd Cir. 2017). In *First American Corp. v. Price Waterhouse LLP,* 154 F.3d 16 (2nd Cir. 1998), the Second Circuit Court of Appeals found that due process for personal jurisdiction was met under *Burnham,* where a partner of a United Kingdom accounting firm was served, "by hand," while present

in New York.[1] *Id., at* 19.

Lastly, district courts in other circuits too are unanimous that tag jurisdiction is inextricable with personal service. *See, e.g., In re Inmobiliaria Tova, S.A., No.* 20-24981-MC-COOKE/O'SULLIVAN, 2021 WL 925517 (S.D. Fla. March 10, 2021) ("'Tag' jurisdiction refers to personal service of a subpoena on an individual while physically present in the district." *Id.,* at *5); *Estate of Ungar v. Palestinian Authority*, 400 F.Supp.2d 541 (S.D.N.Y. 2005) ("'[T]ag' jurisdiction—personal service on an individual within the state—remains a valid method of acquiring personal jurisdiction over an individual ..." *Id., at* 553); *Loughlin v. Goord*, 558 F.Supp. 3d 126 (S.D.N.Y. 2021) ("tag" jurisdiction—i.e., jurisdiction flowing from personal service on an individual within the state." *Id., at* 139); *Avus Designs, Inc. v. Grexx, LLC,* 644 F.Supp.3d 963 (D.Wyo. 2022) ("in-state personal service on an individual was sufficient to confer personal jurisdiction." *Id., at* 980.)

### D. State Laws, Including California and New York, Also Recognize the Concept of Tag Jurisdiction as Jurisdiction Based Solely on Personal Service.

The States of California and New York recognize the concept of tag jurisdiction, identifying it as jurisdiction based only on personal service. California Code of Civil Procedure § 1716(c)(1)(E)), and New York Civil Practice Law and Rules § 5304(b)(6), identically provide that a court may refuse to recognize a

---

[1] Service was made in compliance with New York's C.P.L.R. § 310, entitled, "Personal Service Upon a Partnership."

foreign-country judgment where, "In the case of jurisdiction based only on personal service, the foreign court was a seriously inconvenient forum for the trial of the action." The Ninth Circuit recently addressed the meaning of the statutory language, "jurisdiction based only on personal service." *In re Rejuvi Laboratory, Inc.*, 26 F.4th 1129 (2022). In addressing California's statute, this Court held, "'the case of jurisdiction based only on personal service[,]' … applies only to cases of so-called 'tag jurisdiction.'" *Id.,* at 1135.

Ultimately, every federal and state authority to address tag jurisdiction holds that, at a minimum, personal service is a prerequisite to conferring personal jurisdiction on a non-resident defendant. SZIC offers not a single authority directly addressing tag jurisdiction that finds otherwise.

**E. Scholars and Courts have Cautioned Against Reading Too Much Into *Burnham's* Plurality. They caution that Personal Service is the Minimum, and that Some Minimum Contacts Analysis May Be Required.**

Personal service appears to be the bare minimum that is required to comport with due process. No authority has held that *Burnham* supports anything less. And, given the stark admonitions of scholars and courts, no authority should or will do so.

Many scholars assert that Justice Scalia's opinion that personal service alone is sufficient to obtain jurisdiction over a present defendant did not gain a fifth vote. *See*, e.g., Jeffrey W. Stempel, *The Irrepressible Myth of Burnham and its Increasing Indefensibility After Goodyear and Daimler*, 2015 Nevada Law Journal, Vol. 15,

1203, 1210, 1211. ("Justice Scalia's opinion should not be treated as authoritative based on perceived concessions in Justice Brennan's concurrence," and noting that the, "tension between slap service or tag jurisdiction, minimum contacts analysis, and due process have become even more pronounced in the wake of the Court's recent decisions in *Goodyear* [*Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2853–54 (2011)] and *Daimler* [*AG v. Bauman*, 134 S. Ct. 746, 760 (2014).]") Stempel concludes that due process requires, "a more integrated treatment of all personal jurisdiction questions that would be fairer and more consistent than the present regime[,]" which he derogatorily referred to as "slap service." *Id*, at 1210-11. *See* also, Moore et al., Moore's Federal Practice §108.51, noting that the Justices were split on the sufficiency of personal service alone, and four would require some analysis of the minimum contacts and fairness: "In [Burnham], the Supreme Court unanimously upheld the constitutionality of jurisdiction based on personal service of process on a transient nonresident while that person is physically present in the state. However, the Court split 4-4 on whether jurisdiction based on service of process could be justified by its historical pedigree or required a minimum contacts and fairness analysis. Justices Stevens wrote a separate opinion, declining to agree with either side." 16 Moore, et al., *supra*, note 153 (footnotes omitted).

In his concurring opinion, Justice Brennan found the logic of Albert A. Ehrenzweig's *The Transient Rule of Personal Jurisdiction: The "Power" Myth and*

*Forum Conveniens*, 65 Yale L.J. 289 (1956), persuasive. *Burnham*, 495 U.S. at 634. Ehrenzweig reasoned even personal service, alone, should not be enough to hale a transient defendant into a state's court. He decried the absurdity of going from the historical due process requirement that the forum  be convenient for the individual defendant, to the requirement that the forum be nonconvenient, so long as the defendant was personally served: "[t]he common law and common sense jurisdiction of the forum conveniens yielded to a dogmatic rule of personal service precariously balanced by a doctrine of forum non conveniens." 65 Yale L.J., *supra*, at 290–91.

Moreover, federal courts have put up the caution flag when addressing the reach of *Burnham* beyond personal service. As the District Court in *WorldCare Ltd. Corp.,* 767 F.Supp.2d at 351, cautioned: "The Court is unpersuaded that *Burnham* is controlling in the present case. *Burnham,* as plaintiff concedes, involved in-state personal service on an *individual defendant.* … there was no plurality opinion written in *Burnham,* suggesting that perhaps the holding should be limited to the particular facts set forth therein."

 The Sixth Circuit Court of Appeals also cautioned that, at a minimum, *Burnham* should not be read to allow anything less than personal service. *Conn*, 667 F.3d at 716. Presented with a factual scenario similar to that presented here, the Court cautioned: "Even assuming that *Burnham* permits jurisdiction based solely on proper, personal service of process on a defendant who is present within the forum

state, there could be no jurisdiction here based on such service. Conn sent service of process through certified mail to Zakharov's Pepper Pike property. His housekeeper received that process when Zakharov was not in the United States. Some time later, Zakharov arrived in Ohio and was given the documents. This is clearly not 'personal service' …" *Id*.

And, as the district court in *Harbour Victoria,* 148 F.Supp.2d at 302, cautioned: "*Burnham*, as a plurality opinion, is properly confined to the narrowest holding supported by its facts: namely, that the exercise of personal jurisdiction based on direct physical delivery of process to a person present in the jurisdiction comports with traditional notions of fair play and substantial justice and thus is consistent with constitutional requirements."

This Court should also find that no less than personal service is required to obtain tag jurisdiction over a non-resident defendant present within the state. The Court should reverse the lower court's order and judgment for want of jurisdiction.

## II.  SZIC'S ARGUMENT THAT SUBSTITUTE SERVICE IS SUFFICIENT TO COMPORT WITH DUE PROCESS FAILS FOR LACK OF AUTHORITY AND LOGIC.

SZIC's argument that substitute service satisfies the requirement of personal service must be rejected.

Initially, no court has directly held that substitute service comports with due process in acquiring tag jurisdiction. But, as above demonstrated, a multitude of courts has held that only personal service will suffice. As bluntly put by the District

Court for the Southern District of Florida: "Tag jurisdiction requires actual personal service; i.e., actual tagging, not could have, would have tagging." *In re Terra Invest*, LLC, 2022 WL 18662732, at*3, fn.1.

Recognizing it has no legal support, SZIC argues that, "[e]lementary logic and the foundations of our due process jurisprudence dictate that, if substitute service of process on a defendant who is outside the territory comports with due process, e.g., *Milliken*, 311 U.S. at 462, substitute service of process on a defendant who is within the territory also must comport with due process." Answering Brief, at 19-20.

SZIC's "elementary logic" is exactly wrong. At its core, it is built on a faulty premise: that tag jurisdiction is equal to contacts-based jurisdiction, that both equally satisfy traditional notions of fair play and justice. However, "tag jurisdiction would not satisfy the contacts-based test for general jurisdiction" *Mallory*, 600 U.S. at 171 (Justice Barrett, dissenting on other grounds.) Contacts-based jurisdiction assures comportment with due process by examining, "the relationship among the defendant, the forum, and the litigation" *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977). "We have established a three-prong test for analyzing a claim of specific personal jurisdiction: (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2)

13

the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) (quoting *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987)).

Tag jurisdiction does none of that. A non-resident's mere presence in a state does not equate to substantial contacts with the forum. Because mere presence is so tenuous an act vis-à-vis traditional notions of fair play and substantial justice, personal service is an integral component of obtaining personal jurisdiction. As the district court in *Santa Escolastica, Inc.,*736 F. Supp.2d at 1081 explained, Justice Brennan, "strongly, but not categorically, described personal service as presenting a constitutional basis for personal jurisdiction … intentional appearance in a forum, thus permitting personal service, cuts against any notion of unfairness." And, as discussed in Argument II, above, every federal and state case, as well as every statute, agrees that personal service, not substantial compliance, is required for the exercise of tag jurisdiction to be constitutional. *See,* e.g., *Summers v. McClanahan*, 140 Cal.App.4th 403, 414; and CCP § 1716(c)(1)(E).

SZIC argues that "*Burnham* did not limit the constitutional validity of jurisdiction based on physical presence to service in person, to the exclusion of substituted service of process." Answering Brief at 15. But, in fact, it did. As the

Connecticut District Court recognized in *WorldCare Ltd. Corp.,* 767 F.Supp.2d at 351, the *Burnham* plurality was, "focusing on the fact that Burnham was personally served within the forum state."

SZIC also argues a hypothetical chimera, worrying that requiring personal service could lead to defendants "immunizing" themselves from suit by simply evading a process server's attempts to serve. Answering Brief at 18. SZIC offers no authority to support its argument, either legal or statistical. There is certainly no evidence in this case that Mr. Liu evaded service. In any event, SZIC's hypothetical fear is not a legal basis to undermine the unequivocal admonitions of the Supreme Court justices in *Burnham,* 495 U.S. 604 and *Mallory,* 600 U.S. 122, nor of the appellate and district court judges in *RPB SA*, 2020 WL 12187801; *Ridgeway,* 383 F.Supp.3d 938; *In re Rejuvi Laboratory, Inc*., 26 F.4th 1129; *Martinez*, 764 F.3d 1062 and *First American Corp.*, 154 F.3d 16, nor of California's Code of Civil Procedure section 1716(c)(1)(E), all holding that constitutional due process can only be met if a physically present defendant is personally served. Moreover, even were SZIC's hypothetical to be credited and precedent be ignored, the solution would not be preemptive default to substitute service. The issue would first require case specific, fact-finding by a lower court to determine what types of, and how many, attempts were made to personally serve, and what, if any, alternative means might comport with due process. In other words, even were the hypothetical to be credited,

15

this Court would still have to reverse and remand to the lower court for detailed fact finding. Then, and only then, could this or ultimately the Supreme Court determine whether the personal service rule is rigid or has plasticity.

## III. IRRESPECTIVE WHETHER SERVICE IS MADE UNDER F.R.C.P. 4 OR 5, DUE PROCESS MANDATES PERSONAL SERVICE. MOREOVER, DUE PROCESS CANNOT BE CIRCUMVENTED BY DESIGNATING THE INITIAL ACTION AGAINST A NON-RESIDENT DEFENDANT A MOTION RATHER THAN A COMPLAINT.

Irrespective what statute underlies the impetus for service of process, i.e., Federal Rules of Civil Procedure Rule 4 or 5, due process mandates that personal service be made on a non-resident to obtain tag jurisdiction. In *Kadic v. Karadzik*, 70 F.3d 232 (2nd Cir. 1995), the Court of Appeals for the Second Circuit was explicit: "Fed.R.Civ.P. 4(e)(2) specifically authorizes personal service of a summons and complaint upon an individual physically present within a judicial district of the United States, and such personal service comports with the requirements of due process for the assertion of personal jurisdiction. (Citing *Burnham*)." *Id*., at 247.

SZIC argues that "substantial compliance," i.e., substitute service, is sufficient because Mr. Liu eventually received notice of the action. Answering Brief at 22. But as the district court in *Team Enterprises LLC v. Western Inv. Real Estate Trust*, No. CV F 08-1050 LJO SMS, 2008 WL 4367560, at *3 (E.D. Cal. Sept. 23, 2008) (a case cited by SZIC in its Answering Brief at 24) recognized:

16

"Actual notice of the action alone, however, is not a substitute for proper service and is not sufficient to confer jurisdiction. '[N]o California appellate court has gone so far as to uphold a service of process solely on the ground the defendant received actual notice when there has been a complete failure to comply with the statutory requirements for service.' *Summers v. McClanahan,* 140 Cal.App.4th at p. 414, 44 Cal.Rptr.3d 338. The *Summers* court found service invalid, where service was made on an individual defendant's personal manager, who was not authorized to receive service on her behalf, even though, immediately upon receipt, the personal manager forwarded the summons and complaint to defendant's attorney, who at that time was representing defendant in another action involving plaintiff."

In the instant case, service was made upon a mere acquaintance, who was not only not authorized to receive service on Mr. Liu's behalf, but who spoke little English and did not forward the summons and complaint to Mr. Liu's counsel. ER-57-58, ER-202. Substantial compliance is not okay; but even if it were, the service attempts in this case were not even close.

The Court must reject SZIC's argument that, since California has relaxed its rules regarding service of process, substitute service is sufficient to acquire jurisdiction over Mr. Liu. Answering Brief at 24. Irrespective of California's general relaxation of service of process rules, when the rules are applied to tag jurisdiction, the rules cannot override due process requirements. Put another way, California cannot relax the requirements of federal constitutional due process. The Constitution defines the "minimal historic safeguards" which defendants must receive. *McNabb* v. *United States*, 318 U.S. 332, 340 (1943).

17

Personal service is integral to determining whether the exercise of tag jurisdiction offends "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Personal jurisdiction is the court's substantive power to adjudicate the rights and obligations of a defendant. *Ruhrgas AG v. Marathon Oil Co*., 526 U.S. 574, 584 (1999). Proper service of process is the procedure through which that power is activated. *See, e.g., Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co. Ltd*., 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.") Unlike contacts-based jurisdiction, where a court can consider the degree of activity directed into a state and whether the action is based on the activity to ensure it is properly exercising jurisdiction, tag jurisdiction considers only the physical presence of the defendant. Thus, it requires the certainty that comes with the defendant being physically served with process. As the District Court for the Southern District of New York put it: "There is simply no evidence of any tradition, in New York or elsewhere, of using service other than direct physical delivery to obtain general personal jurisdiction over nonresident defendants. Where, as in *International Shoe* and its progeny, the Supreme Court has considered the 'exercise of jurisdiction over absent defendants in a manner that deviates from the rules of jurisdiction applied in the 19th century,' the Court 'ha[s] held such deviations permissible, but only with respect to suits

18

arising out of the absent defendant's contacts with the State.' (Citing *Burnham.*)"
*Harbour Victoria,* 148 F.Supp.2d at 303.

This Court must also reject SZIC's argument that substitute service is
sufficient to obtain jurisdiction, because the petition to confirm arbitration award is
classified as an application not a complaint. Answering Brief at 37. The petition
was the initial notice that an action was being instigated against Mr. Liu. Thus, the
constitutional requirement of personal service for acquiring tag jurisdiction applies.
The Constitution cannot be circumvented by semantically classifying the proceeding
as a motion under F.R.C.P., Rule 5 rather than an initial complaint under Rule 4.
"[T]he Constitution prescribes a floor below which protections may not fall …"
*United States v. Hammad*, 858 F.2 834, 839 (2d Cir.1988). As every authority has
reasoned, the constitutional floor for tag jurisdiction is personal service. This Court
must find no less.

## IV. MR. LIU DID NOT WAIVE HIS RIGHT TO CHALLENGE PERSONAL JURISDICTION, AS HE RAISED THE DEFENSE AT THE FIRST AVAILABLE OPPORTUNITY AND THE DISTRICT COURT ADDRESSED HIS CHALLENGE.

SZIC's waiver argument fails for two reasons. First, Mr. Liu raised the
defense at the first available opportunity. Second, the lower court specifically
rejected waiver, directly addressing the issue.

The defense at issue, lack of personal jurisdiction, was raised at the first
available opportunity in Mr. Liu's Motion to Dismiss under Rule 12(b)(2). ER-92,

ER99-100. In his motion Liu argued that the Court lacked general and specific jurisdiction over him. ER-99-100. When a defendant challenges jurisdiction, it is the Plaintiff who bears the burden of proving jurisdiction exists. *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir.1990). Mr. Liu was not obligated in his initial briefing to affirmatively raise all possible alternative theories that SZIC might argue to overcome the lack of general and specific jurisdiction, such as tag jurisdiction; rather it was SZIC's burden to prove jurisdiction was achieved through whatever theory it believed satisfied the jurisdictional prerequisites.

Mr. Liu properly asserted lack of general or specific jurisdiction in his Motion to Dismiss and, in SZIC's Opposition, in a section entitled: "Jurisdiction is Established Through Service of Process for Both Respondents[,]" SZIC raised the argument that *in personam* jurisdiction over Liu was obtained by "tag jurisdiction." ER-72.

By asserting "tag jurisdiction" in its opposition, SZIC first introduced the issue of proper service of process. ER-72. Mr. Liu was not obligated to make SZIC's argument for it. Thus, at the first available opportunity, Mr. Liu challenged SZIC's assertion that it had obtained tag jurisdiction by arguing that SZIC failed to comply with the requirement that it personally serve him in his Reply to SZIC's Opposition. ER-48-49.

As discussed more fulsomely above, personal service is an integral component of tag jurisdiction; in fact personal service is the very vehicle through which jurisdiction is acquired. *Burnham,* 495 U.S. at 610-611 ("once having acquired jurisdiction over such a person by properly serving him with process, the State could retain jurisdiction to enter judgment against him, no matter how fleeting his visit.") In the end, it was only through SZIC's assertion of tag jurisdiction in its opposition that personal service became germane - not as a separate defense, but as a necessary prerequisite to the court's ability to obtain jurisdiction. Because Mr. Liu's Reply to SZIC's Opposition was the first available opportunity for him to respond to SZIC's assertion of tag jurisdiction, Rule 12(h) is inapplicable.

Moreover, the lower court did not deem the issue waived. It directly addressed it. In its Order, the Court stated: "Nevertheless, to the extent that Respondent Liu challenges the Court's personal jurisdiction over him based upon a lack of proper or personal service, the Court reaches this argument." ER-24. A "district court ha[s] discretion to consider [an] issue even if it was raised in a reply brief." *Glenn K. Jackson Inc. v. Roe*, 273 F.3d 1192, 1202 (9th Cir. 2001). This is especially so where the issue responds directly to arguments made in a response brief. *In re Riverside-Linden Inv. Co.,* 945 F.2d 320, 324 (9th Cir. 1991). That is exactly the case here. Notably, SZIC does not assert that the lower court abused its discretion.

There was no waiver of Mr. Liu's right to challenge personal jurisdiction.

## CONCLUSION

For the reasons stated in Appellant Liu's Opening Brief and those stated above, this Court should reverse the district court's Order and Judgment confirming the foreign arbitration award.

DATED: May 28, 2025   PROCOPIO, CORY, HARGREAVES &
           SAVITCH LLP


      By: /S/Anthony J. Dain
        Anthony J. Dain
        Attorneys for Respondent-
        Appellant LIU YINGKUI

## CERTIFICATE OF COMPLIANCE

This brief complies with the word limit of Circuit Rule 28.1-1(d) because it contains 5,129 words, excluding the portions exempted by Rule 32(f) of the Federal Rules of Appellate Procedure.

This brief complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 32(a)(5)(A) and (a)(6) because it has been prepared in a proportionally-spaced typeface using Microsoft Word in 14 point Times New Roman font.

DATED: May 28, 2025      PROCOPIO, CORY, HARGREAVES & SAVITCH LLP

By:   /S/Anthony J. Dain
      Anthony J. Dain
      Attorneys for Respondent-
      Appellant LIU YINGKUI

# CERTIFICATE OF SERVICE

I am employed in the county of San Diego, State of California. I am over the age of 18 and not a party to the within action. My business address is 525 B Street, Suite 2200, San Diego, California 92101.

☒ I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on May 28, 2025.

## APPELLANT LIU YINGKUI'S REPLY BRIEF

☒ (Federal) I declare that I am a member of the Bar of this Court at whose direction the service was made.

Executed on May 28, 2025, at San Diego, California.

By: _s/Anthony J. Dain_

Name Anthony J. Dain

Email: anthony.dain@procopio.com

24